MATTHEW D. ALISON, OBA No. 32723
Indian and Environmental Law Group, PLLC
406 S. Boulder Ave., Suite 830
Tulsa, Oklahoma 74103
Tel: (918) 347-6169
Fax: (918) 948-6190
Email: Matthew@iaelaw.com

*Appearance Pro Hac Vice*
*Counsel for Plaintiffs*

HUBERT T. LEE, NY Bar No. 4992145
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Tel: 202-514-1806
Fax: 202-514-8865
Email: hubert.lee@usdoj.gov

SONYA J. SHEA, CA Bar No. 305917
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-7231
Fax: 303-844-1350
Email: sonya.shea@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC., *et al.* Plaintiffs, <br><br> v. <br><br> ANDREW R. WHEELER, *et al.,* <br><br> Defendants. | Case No.: 3:18-cv-3521-RS <br><br> **STIPULATED REQUEST TO HOLD 2015 RULE CLAIMS IN ABEYANCE/JOINT REPORT RE: MAY 18 ORDER; ORDER** |

1

The parties submit this notice and stipulated request to hold Plaintiffs' current claims against the 2015 Rule, as set forth in their complaint, in abeyance.

In support of this request, the parties state the following:

1.     Plaintiffs Waterkeeper Alliance, Inc, *et al*. ("Plaintiffs") challenge a 2015 regulation that revised certain regulatory provisions relating to the definition of "waters of the United States" under the Clean Water Act.  *See* Compl., Dkt. No. 1, ¶ 3 (challenging Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule")).

2.     On September 12, 2019, the Administrator of the Environmental Protection Agency and the Assistant Secretary of the Army for Civil Works (collectively, "the Agencies") signed a final rule entitled "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules" ("Repeal Rule").  The Repeal Rule: (1) rescinded the 2015 Rule at issue in this matter; and (2) recodified the text of the prior regulatory definition of "waters of the United States."  The Repeal Rule was published in the Federal Register on October 22, 2019, and became effective on December 23, 2019.  84 Fed. Reg. 56,626 (Oct. 22, 2019).

3.     On January 23, 2020, the Administrator of EPA and the Assistant Secretary of the Army for Civil Works signed a final rule entitled "Navigable Waters Protection Rule: Definition of 'Waters of the United States'" ("2020 Rule").  The 2020 Rule defines "waters of the United States" under the Clean Water Act and will replace the existing definition in the Code of Federal Regulations.

4.     The 2020 Rule was published in the Federal Register on April 21, 2020, *see* 85 Fed. Reg. 22,250 (Apr. 21, 2020), and is to become effective on June 22, 2020.  The 2020 Rule is available on EPA's website, https://www.epa.gov/nwpr/final-rule-navigable-waters-protection-rule (last visited May 27, 2020).

5.     Plaintiffs intend to soon seek leave to file a supplemental complaint setting forth claims challenging the Repeal Rule and the 2020 Rule.

STIPULATED REQUEST TO HOLD 2015 RULE CLAIMS IN ABEYANCE/JOINT REPORT
CASE NO. 3:18-CV-3521

6.      In this case, Plaintiffs moved for summary judgment on January 9, 2020 with respect to their claims against the 2015 Rule.  Dkt. Nos. 74-75.  Per stipulation signed by the Court dated February 27, 2020, Defendants' combined opposition and cross-motion for summary judgment is due June 1, 2020, and Plaintiffs' reply is due July 1, 2020.  Dkt. No. 80.

7.      The parties have good cause for seeking a stay with respect to Plaintiffs claims against the 2015 Rule—the preservation of judicial and party resources.  The 2020 Rule was published in the Federal Register on April 21, 2020, with an effective date of June 22, 2020.  Plaintiffs intend to challenge the Repeal Rule and the 2020 Rule.  It would be a waste of judicial and party resources to continue litigating the 2015 Rule without first resolving Plaintiffs' forthcoming challenge to the revised definition of "waters of the United States" contained in the Repeal Rule and the 2020 Rule.

8.      Moreover, streamlining this matter by staying Plaintiffs' claims regarding the inoperative 2015 Rule would aid in addressing this Court's recent order expressing concern regarding the impact of the current pandemic on scheduling civil matters.  On May 18, 2020, this Court issued a standing order requesting all parties in civil cases before this Court meet and confer to explore "possible settlement or some other form of alternative dispute resolution."  Dkt. No. 81 at 1:17.

9.      Indeed, the parties met and conferred in accordance with this Court's May 18, 2020 standing order.  *See* Dkt. No. 81.  Below is the parties' joint report as required by the standing order:

> Pursuant to the Court's Order instructing all civil litigants to engage in an additional meet and confer to discuss the possibility of settlement, the parties submit this joint report. The parties engaged in a meet and confer on May 26, 2020 to discuss the possibility of settlement. The result of the meet and confer was as follows: Despite a good-faith effort to reach a settlement at the meet and confer, the case did not settle.  In addition, the parties wish to advise the Court of the following: the parties seek to stay Plaintiffs' claims against the 2015 Rule set forth in its current complaint.  Plaintiffs intend to file

STIPULATED REQUEST TO HOLD 2015 RULE CLAIMS IN ABEYANCE/JOINT REPORT
CASE NO. 3:18-CV-3521

shortly a supplemental complaint challenging the Repeal Rule and 2020 Rule.  Within 15 days from the date Plaintiffs' claims against the Repeal Rule and the 2020 Rule are resolved, the parties will file a motion to further govern proceedings.

10.    The parties will meet and confer regarding scheduling within 10 days from the date Plaintiffs' motion for leave to file a supplemental complaint is granted.  Within 14 days from the date of the parties' meet and confer, the parties will file with the Court a proposed briefing schedule for Plaintiffs' Repeal Rule and 2020 Rule claims.

Dated:  May 27, 2020                         Respectfully submitted,


/s/ Matthew D. Alison
MATTHEW D. ALISON, OBA No. 32723
Indian and Environmental Law Group, PLLC
406 S. Boulder Ave., Suite 830
Tulsa, Oklahoma 74103
Tel: (918) 347-6169
Fax: (918) 948-6190
Email: Matthew@iaelaw.com

Counsel for Plaintiffs


/s/ Hubert T. Lee
HUBERT T. LEE, NY Bar No. 4992145
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Tel: 202-514-1806
Fax: 202-514-8865
Email: hubert.lee@usdoj.gov

SONYA J. SHEA, CA Bar No. 305917
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-7231
Fax: 303-844-1350
Email: sonya.shea@usdoj.gov

Counsel for Defendants

4

**ORDER**

Before the Court is the parties' stipulated request to hold Plaintiffs' current claims against the 2015 Rule (*see* Dkt. No. 1) in abeyance pending the resolution of Plaintiffs' forthcoming challenge to the Repeal Rule and the 2020 Rule.  Upon due consideration, and for good cause shown, the parties' request is hereby GRANTED.

PURSUANT TO STIPULATION IT IS SO ORDERED THAT:

1.  Plaintiffs' current claims against the 2015 Rule, as set forth in Plaintiffs' complaint, are stayed pending the resolution of Plaintiffs' forthcoming challenge to the Repeal Rule and the 2020 Rule;

2.  Briefing with respect to Plaintiffs' motion for summary judgment (Dkt. No. 74, 75) shall be stayed pending the resolution of Plaintiffs' forthcoming challenge to the Repeal Rule and the 2020 Rule;

3.  The parties will meet and confer regarding scheduling within 10 days from the date Plaintiffs' motion for leave to file a supplemental complaint is granted. Within 14 days from the date of the parties' meet and confer, the parties will file with the Court a proposed briefing schedule for Plaintiffs' Repeal Rule and 2020 Rule claims.

DATED this  27th  day of  May   , 2020.


Richard Seeborg
United States District Court Judge