Christopher Sproul (State Bar No. 126398)
Stuart Wilcox (State Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Emails: csproul@enviroadvocates.com
wilcox@enviroadvocates.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC.; HUMBOLDT BAYKEEPER, a program of Northcoast Environmental Center; LAKE WORTH WATERKEEPER; MISSOURI CONFLUENCE WATERKEEPER; MONTERREY COASTKEEPER, a program of The Otter Project, Inc.; RIO GRANDE WATERKEEPER, a program of WildEarth Guardians; RUSSIAN RIVERKEEPER; SNAKE RIVER WATERKEEPER, INC.; SOUND RIVERS, INC.; UPPER MISSOURI WATERKEEPER, INC.; TURTLE ISLAND RESTORATION NETWORK; WILDEARTH GUARDIANS; ECOLOGICAL RIGHTS FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY; RICKY DALE JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works; and U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendants. | Civil Case No. 18-cv-3521 <br><br> **OPPOSITION TO MOTION TO INTERVENE** |

**INTRODUCTION**

Plaintiffs Waterkeeper Alliance, Inc.; Humboldt Baykeeper; Lake Worth Waterkeeper; Missouri Confluence Waterkeeper; Monterrey Coastkeeper; Rio Grande Waterkeeper; Russian Riverkeeper; Snake River Waterkeeper, Inc.; Sound Rivers, Inc.; Upper Missouri Waterkeeper, Inc.; Turtle Island Restoration Network; WildEarth Guardians; and Ecological Rights Foundation oppose Chantell and Michael Sackett's ("the Sacketts") Motion to Intervene. *See* Dkt. 95. The Sacketts fail to show that they are entitled either to intervention as a matter of right or to permissive intervention because the existing Defendants, who have the same interests as the Sacketts, adequately represent the Sacketts. Furthermore, this Court has broad discretion to deny permissive intervention when it will unduly delay or prejudice the adjudication of the rights of the existing parties, as the Sacketts' intervention would in this case. Indeed, this Court has already considered and rejected the Sacketts' attempt to intervene in another case challenging the same agency rule that the Sacketts attempt to intervene to defend here, the *Navigable Waters Protection Rule: Definition of "Waters of the United States,"* 85 Fed. Reg. 22250 (April 21, 2020) ("Replacement Rule"). *See State of California, et al., v. Andrew Wheeler, et al.,* 3:20-cv-03005-RS, Dkt. 200.

The Sacketts' motion to intervene should be denied for the reasons discussed above. However, if the Court is inclined to grant the Sacketts' motion to intervene or to otherwise allow them to participate in this lawsuit, then Plaintiffs request that their briefing be limited to no more than 10 pages given the single argument they claim to want to raise and that they file consolidated briefs with additional defendant-intervenors, if any, that should subsequently attempt to intervene in this case. This will reduce the burden that intervention would have on the existing parties to this litigation while still allowing the Sacketts to raise the single, legally irrelevant and baseless argument they purport to want to raise. *See* Dkt. 95 at 10-11 (identifying the only argument the Sacketts claim they will make that they claim the Federal Defendants in this case will not make).

**ARGUMENT**

**I.    Intervention as of Right is Improper Because the Sacketts Have Failed to Show Their Interests Are Not Adequately Represented By the Defendants, Who Intend to Defend the Replacement Rule.**

The Sacketts seek to intervene based on their argument that the Defendants do not adequately

OPPOSITION TO MOTION TO INTERVENE
1

represent their interests. However, the Sacketts' argument is without merit given that they share an identical interest with the Defendants: to defend the Replacement Rule. In addition, the argument the Sacketts seek to raise could not be the basis for the court upholding the Replacement Rule, thereby eliminating any value from their participation in this lawsuit.

A party seeking to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) must show, *inter alia*, that their "interest [is not] adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). The Ninth Circuit applies a three-factor test to determine whether "existing parties adequately represent" a proposed intervenors' interest. *Id.* at 1086. This test considers: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* The burden to establish inadequacy of representation is on the proposed intervenor. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) ("*NFRC*").

The Sacketts' motion to intervene should be denied because they share an identical interest with the Defendants, to uphold the Replacement Rule. As the Sacketts grudgingly admit, where, as here, the "ultimate objective for both defendant and intervenor-defendants is upholding the validity of" a government action, "a presumption arises that [the government] defendant is adequately representing intervenor-defendants' interests." *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006); *Arakaki*, 324 F.3d at 1086 ("There is also an assumption of adequacy when the government and the applicant are on the same side") (citation omitted); *see also* Dkt. 95 at 10 (admitting this presumption of adequate representation, but then claiming, with no legal support, that this presumption does not apply because they are engaged with EPA in litigation elsewhere). This "presumption can be rebutted only by 'a compelling showing to the contrary.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009)). The Sacketts have not overcome this presumption here and their arguments to the contrary lack any basis in law or fact.

The Sacketts arguments claiming that Defendants will not adequately represent their interests can be summarized as the Sacketts' apparent belief that EPA will not represent their interests here because

OPPOSITION TO MOTION TO INTERVENE
2

the Sacketts are engaged in other litigation with EPA, that EPA wants to "maximize[e] their power," that they generally disagree with EPA's policies, and that they have a different viewpoint than EPA (agency versus landowner). Dkt. 95 at 9-12. However, these concerns are irrelevant and/or unfounded.

The Sacketts' other litigation cannot serve as their basis for intervention here. *See, e.g., NFRC*, 82 F.3d at 838 (9th Cir. 1996) (rejecting intervention even where proposed intervenor has "sued the government numerous times"). But, even if this other litigation were relevant, the facts here do not support the Sacketts' argument of prejudice. Indeed, Defendants' published rulemaking actually cited directly to the Sacketts' lawsuit as an example of why they assert the Replacement Rule is necessary. 85 Fed. Reg. at 22,270 (citing, e.g., *Sackett v. EPA*, 566 U.S. 120, 132 (2012) (Alito, J., concurring)). In other words, the Replacement Rule was designed specifically to help the Sacketts themselves as well as other similarly situated individuals. As a result, there is no evidence of animus here. If anything this shows that Defendants have singled out the Sacketts for special, positive treatment, and this special treatment further undercuts the other "differing viewpoints" the Sacketts make.

Even if the Replacement Rule had not been created by the Defendants in part to help the Sacketts directly, the Ninth Circuit has previously denied intervention on significantly less compelling grounds than these where the government and the intervenor were both "seeking the same limited interpretation" of a statute. *NFRC*, 82 F.3d at 838; *see also Perry*, 587 F.3d at 951 (affirming denial of intervention notwithstanding proposed intervenors' other lawsuits challenging similar law to that at issue in case where intervention was sought). The Sacketts cannot avoid the fatal flaw in their argument, namely that both they and Defendants seek only to defend the Replacement Rule in this lawsuit. Their only relevant interest here is identical. As a result, the Sacketts have failed to make the "very compelling showing" required to rebut this presumption of adequate representation, and the Court should deny leave to intervene. *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 740 (9th Cir. 2011).

Second, the Sacketts' claim that they should be granted intervention in order to raise a single argument that the government will not make must fail. The Sacketts' one argument that they claim sets them apart from Defendants is their argument that the Replacement Rule's narrowed definition of "adjacent wetlands" is "*legally compelled*" by the plurality's decision in *Rapanos v United States*, 547 U.S. 715 (2006). *See* Dkt. 95 at 11 (emphasis in original). However, the untenable nature of this

OPPOSITION TO MOTION TO INTERVENE
3

1  argument as a basis for intervention is clear because the Defendants *in the final rule adopting the*
2  *Replacement Rule itself* rejected the argument that they are compelled to apply the *Rapanos* plurality
3  opinion. 85 Fed. Reg. at 22,273 ("The agencies disagree with commenters' suggestion that the Executive
4  Order requires the agencies to rely exclusively on Justice Scalia's opinion in Rapanos."). Instead, the
5  Defendants claim they "looked to the text and structure of the CWA, as informed by its legislative
6  history and Supreme Court *guidance*, and took into account the agencies' expertise, policy choices, and
7  scientific principles." 85 Fed. Reg. at 22,252 (emphasis added); *see also, e.g., id.* at 22,314 ("The
8  agencies believe that this final rule achieves the goals of the Act and provides better clarity for the
9  regulators and the regulated community alike, while adhering to the basic principles articulated
10 in *Rapanos*, *SWANCC*, and *Riverside Bayview*."). Because the Replacement Rule can only be upheld on
11 the basis articulated by Defendants, and not a new *post hoc* rationale presented for the first time in
12 litigation by an intervenor, the Sacketts' single proffered argument would be irrelevant. *See Motor*
13 *Vehicle Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("[A]n agency's
14 action must be upheld, if at all, on the basis articulated by the agency itself."); *see also Nat. Res. Def.*
15 *Council v. EPA*, 735 F.3d 873, 884 (9th Cir. 2013) (a court's review must "begin[] and end[] with the
16 reasoning that the agency relied upon in making the decision"; courts cannot "revise [an agency's]
17 assumptions"); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point of judicial review should be
18 the administrative record already in existence, not some new record made initially in the reviewing
19 court"). Only "potentially meritorious" arguments can serve as the bases for intervention, and the
20 Sacketts' proposed argument necessarily is not such a basis. *California ex rel. Lockyer v. United States*,
21 450 F.3d 436, 444 (9th Cir. 2006).

22       **II.**     **The Sacketts Should Not be Granted Permissive Intervention Because Their**
23                **Interests Are Adequately Represented by the Defendants.**

24     The Sacketts' request for permissive intervention should be denied for the same reason as their
25 request for intervention as of right – the Defendants already adequately represent the Sacketts' interests.
26 In assessing whether to grant permissive intervention under Federal Rule of Civil Procedure 24(b) courts
27 consider (1) "whether the intervenors' interests are adequately represented by other parties"; (2) the
"legal position they seek to advance and its relation to the merits of the case"; (3) "whether intervention

OPPOSITION TO MOTION TO INTERVENE
4

will prolong or delay the litigation" or otherwise prejudice the original parties; and (4) whether the proposed intervenor will "significantly contribute to full development of the underlying factual issues in the suit." *Spangler v. Pasadena City Bd. Of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). First, as explained above, permissive intervention is unnecessary because the Sacketts' interests are adequately represented by the Defendants. *See Perry*, 587 F.3d at 955; *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986). Second, as explained above, the Sacketts' single legal argument could not properly serve as justification for Defendants' decision in this case as it does not reflect the Defendants' reasoning in making the decision. *See, e.g., Motor Vehicle Ass'n*, 463 U.S. at 50. Third, because the Sacketts only seek to pursue a single argument that cannot succeed, the "delay occasioned by intervention outweigh[s] the value added by the [Proposed Intervenors'] participation in the suit." *Perry*, 587 F.3d at 955–956. Finally, the Sacketts' participation is not necessary for factual development of this record review lawsuit. *See Camp*, 411 U.S. at 142.

### III. If the Sacketts' Request for Intervention is Granted, or the Sacketts Are Allowed to Appear as *Amicus Curiae*, the Court should Impose Conditions on the Sacketts' Participation to Avoid Delay and Prejudice to Plaintiffs.

Should the Court grant the Sacketts intervention or leave to file an *amicus curiae* brief, Plaintiffs request that any such briefing be limited in scope and length. The Advisory Committee Note to the 1966 amendments to Rule 24 states that even "intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *See* Fed. R. Civ. P. 24 Advisory Comm. Notes (1966 Amend.). The Sacketts have only identified a single argument they hope to make. As a result, the Court should limit the Sacketts' briefing to that single issue and limit their brief length to a maximum of 10 pages. *See, e.g., Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20–21 (D.D.C. 2010) (discussing past restrictions on intervenors of right and imposing a conferral requirement, a requirement that intervenors not interject new claims or "stray into collateral issues," page limits for merits briefing, and a requirement that intervenors submit a joint statement of facts). This would reduce the burden that the Sacketts' participation would have on the other parties.

In addition, should additional parties attempt to intervene on behalf of Defendants, Plaintiffs intend to request that the Court, should it grant intervention or other participation, order all of the defendant-intervenors to file a single consolidated brief. *See, e.g., Earthworks v. U.S. Dep't of the Interior*, No. 09-01972 (HHK), 2010 U.S. Dist. LEXIS 77890, at *3 (D.D.C. Aug. 3, 2010) (requiring intervenors of right to file joint motions and memoranda). This would be consistent with the Ninth Circuit's denial of intervention to "a similarly situated intervenor" in *Arakaki* where the Court determined that an existing intervenor was "capable and willing to make all of [the proposed intervenor's] arguments." *Arakaki*, 324 F.3d at 1086–87.

## CONCLUSION

Plaintiffs therefore respectfully request that the Sacketts not be granted intervention, either as of right or permissive, and that, should intervention or other participation be granted, the Court limit such participation as discussed above.

Dated: February 2, 2021                    Respectfully submitted,

By:        */s/ Stuart Wilcox*
           Stuart Wilcox
           *Attorney for Plaintiffs*