HUBERT T. LEE (NY Bar #4992145)
SONYA J. SHEA (CA Bar #305917)
U.S. Department of Justice
150 M Street, NE Suite 4.1116
Washington, D. C. 20002
Hubert.lee@usdoj.gov; sonya.shea@usdoj.gov
Telephone (202) 514-1806 (Lee)
Telephone (303) 844-7231 (Shea)
Facsimile (202) 514-8865

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC.; HUMBOLDT BAYKEEPER, a program of Northcoast Environmental Center; LAKE WORTH WATERKEEPER; MISSOURI CONFLUENCE WATERKEEPER; MONTERREY COASTKEEPER, a program of The Otter Project, Inc.; RIO GRANDE WATERKEEPER, a program of WildEarth Guardians; RUSSIAN RIVERKEEPER; SNAKE RIVER WATERKEEPER, INC.; SOUND RIVERS, INC.; UPPER MISSOURI WATERKEEPER, INC.; TURTLE ISLAND RESTORATION NETWORK; WILDEARTH GUARDIANS; ECOLOGICAL RIGHTS FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY; JAMIE PINKHAM, in his official capacity as Assistant Secretary of the Army for Civil Works; and U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendants. | Civil Case No. 18-cv-3521-RS <br><br> **MOTION FOR AN ENLARGEMENT OF TIME FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' AMENDED COMPLAINT** <br><br> Action Filed: June 13, 2018 <br> Amended Complaint Filed: Dec. 23, 2020 |

1
2
3
4
5
6
7
8

   Pursuant to Local Rules 6-3 and 7-1, Defendants United States Environmental Protection Agency ("EPA"), EPA Administrator Michael Regan, United States Army Corps of Engineers, and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham ("Defendants" or "Agencies")[1] hereby move to extend their deadline to file a response to Plaintiffs'[2] amended complaint, continuing the deadline to respond to Plaintiffs' amended complaint until after the Agencies' forthcoming motion to remand the Navigable Waters Protection Rule ("NWPR"), 85 Fed. Reg. 22,250 (Apr. 21, 2020), without vacatur is decided. The Agencies plan to file this motion on or before June 22, 2021, the current deadline to for the Agencies to respond to Plaintiffs' amended complaint.

9
10
11
12
13
14
15
16

   On February 16, 2021, the Court granted the Parties' stipulation for a 60 day stay/extension of time to file an answer to Plaintiffs' amended complaint. *See* Dkt. No. 103 (granting the Parties' stipulation to stay the proceeding by 60 days and to extend all deadlines by 60 days, including the deadline for the Agencies to file an answer to Plaintiffs' amended complaint). Then on April 14, 2021, the Court again extended the deadline for the Agencies to respond to Plaintiffs' amended complaint by 60 days, setting the new deadline for June 22, 2021. Dkt. No. 105. For the reasons set forth below, the Agencies' motion to continue the deadline to respond to Plaintiffs' amended complaint until after the Agencies' pending motion for remand without vacatur should be granted.

17

**I.   The Agencies Have Good Reasons for Their Request for Enlargement of Time.**

18
19
20

   The Agencies have good reasons for their request for an extension of time to file a response to Plaintiffs' amended complaint. Requests for extensions of time made before the applicable deadline has

21
22
23

[1] EPA Administrator Michael Regan is automatically substituted for Andrew Wheeler, and Jaime Pinkham is automatically substituted for R.D. James, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

24
25
26

[2] Plaintiffs consist of the following entities: Waterkeeper Alliance, Inc.; Humboldt Baykeeper; Lake Worth Waterkeeper; Missouri Confluence Waterkeeper; Monterrey Coastkeeper; Rio Grande Waterkeeper; Russian Riverkeeper; Snake River Waterkeeper, Inc.; Sound Rivers, Inc.; Upper Missouri Waterkeeper, Inc.; Turtle Island Restoration Network; WildEarth Guardians; and Ecological Rights Foundation (collectively "Plaintiffs").

27

1    passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief

2    or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir.

3    2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d

4    ed. 2004)). So long as the requesting party can show "good cause," the Court has wide discretion in

5    granting a request for an enlargement of time. *See* Fed. R. Civ. P. 6(b)(1); *see also Ahanchian*, 624 F.3d

6    at 1259 (" 'Good cause' is a non-rigorous standard that has been construed broadly across procedural

7    and statutory contexts.").

8         Here, the Agencies can show good cause for their request to continue the deadline to respond to

9    Plaintiffs' amended complaint until after their pending motion for remand without vacatur is decided. As

10   the Agencies noted in their prior motion to continue their deadline to respond to Plaintiffs' amended

11   complaint, Executive Order 13990, entitled "Executive Order on Protecting Public Health and the

12   Environment and Restoring Science to Tackle the Climate Crisis," 86 Fed. Reg. 7037 (Jan. 25, 2021)

13   ("EO 13990"), directed federal agencies to "immediately review and, as appropriate and consistent with

14   applicable law, take action to address the promulgation of Federal regulations and other actions during

15   the last 4 years that conflict with these important national objectives, and to immediately commence

16   work to confront the climate crisis." Dkt. No. 102 at 2-3 (citing EO 13990). In accordance with this

17   directive, the Agencies have been reviewing a number of regulations promulgated in the last four years,

18   including the NWPR, which is one of the regulations at issue in this proceeding. *See* Dkt. No. 104 at 2.

19   That review process is now complete. On June 9, 2021, the Agencies announced that they will initiate a

20   new rulemaking to revise the definition of "waters of the United States." *See*

21   https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus (last accessed

22   June 15, 2021); Declaration of Hubert T. Lee ("Lee Decl.") at ¶ 3 (citing *Conservation Law Foundation*

23   *v. EPA*, 20-cv-10820-DPW (D. Mass) at Dkt. No. 113 (June 9, 2021) (noting that the Agencies have

24   already filed a motion to remand the NWPR without vacatur in the *Conservation Law Foundation*

25   proceeding)).

26         Now that the Agencies have decided on a new course of action and are initiating a new

27   rulemaking with respect to a regulation defining "waters of the United States," the Agencies intend to

file by no later than June 22, 2021, a motion to remand the NWPR without vacatur and to seek dismissal of Plaintiffs' claims as they pertain to the NWPR. Accordingly, judicial economy will best be served by allowing the Court the opportunity to rule on the Agencies' anticipated remand motion first and potentially dispose of the claims against the NWPR before deciding whether and to what extent Plaintiffs' remaining claims should be litigated.

## II.     The Agencies Would be Prejudiced if Their Request Was Not Granted.

The Agencies would be prejudiced if the Agencies' request was not granted. Whether the Agencies' forthcoming motion for remand without vacatur is granted will play a significant role in how the Agencies ultimately respond to Plaintiffs' amended complaint. Plaintiffs' amended complaint raises claims against not only the NWPR, but also against the Agencies' prior efforts to define "waters of the United States" under the Clean Water Act. *See* Dkt. No. 93 at pp. 91-110 (Plaintiffs' amended complaint bringing claims against the NWPR, the "Clean Water Rule: Definition of 'waters of the United States,' " 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"), and the "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("Repeal Rule")). Accordingly, requiring the Agencies to respond to Plaintiffs' amended complaint now may cause the Agencies to take positions that might appear to pre-judge issues directly or indirectly related to Plaintiffs' claims against all three rules. Many of these issues will be reconsidered through the Agencies' forthcoming notice-and-comment rulemaking to revise the definition of "waters of the United States." Thus, requiring the Agencies to respond to the amended complaint before the Agencies' remand motion is decided will significantly prejudice the Agencies and could hamper their ability to appropriately consider a new rule defining "waters of the United States."

## III.    The Agencies Have Attempted to Attain a Stipulation for Their Request.

In accordance with Local Rule 6-3, the Agencies have made every effort to attain a stipulation to continue the deadline for the Agencies to file an answer to Plaintiffs' amended complaint. On June 9, 2021, the Agencies' counsel emailed Plaintiffs' counsel and informed him that the Agencies have decided to conduct a new rulemaking that will revise or replace the NWPR. *See* Lee Decl. at ¶ 4. The Agencies' counsel further gave notice to Plaintiffs' counsel that the Agencies intend to file by June 22,

---

1  2021 a motion to remand the NWPR without vacatur in lieu of a response to Plaintiffs' amended

2  complaint and asked if Plaintiffs would stipulate to holding Plaintiffs' claims against the 2015 Rule and

3  the Repeal Rule in abeyance while the forthcoming motion for remand is decided. *Id.* Plaintiffs' counsel

4  responded on June 11, 2021, saying only that they would "oppose [the Agencies'] motion." *Id.* at ¶ 5.

5  The Agencies' counsel responded on June 11, 2021, asking if Plaintiffs would instead consider

6  stipulating to continuing the due date for the Agencies to respond to Plaintiffs' amended complaint until

7  the forthcoming motion for remand is decided. *Id.* at ¶ 6. After hearing no response, the Agencies'

8  counsel again emailed Plaintiffs' counsel, asking if Plaintiffs had a position on the request for a

9  stipulation to continue the due date for the Agencies to respond to Plaintiffs' amended complaint until

10  after the Agencies' forthcoming motion for remand is decided. *Id.* at ¶ 7. Again, the Agencies did not

11  receive a response to this email. *Id.*

12  **IV.    The Parties Have Only Asked for Other Prior Extensions to Respond to Plaintiffs'**

13  **Amended Complaint Under Very Different Circumstances.**

14      While the Parties stipulated to one extension (Dkt. No. 103), and the Agencies were granted a

15  subsequent request to extend their deadline to respond to Plaintiffs' amended complaint (Dkt. No. 105),

16  the circumstances of the Agencies' request here are significantly different. The Agencies now plan to

17  file a motion to voluntarily remand the NWPR, one of the regulations at issue in this proceeding. How

18  the Court decides that motion will invariably and significantly affect the course of this proceeding.

19  Given the advancement of judicial economy and the potentially prejudicial effect of requiring the

20  Agencies to respond to Plaintiffs' amended complaint prior to the resolution of the Agencies'

21  forthcoming motion for remand without vacatur, the Court should grant the Agencies' motion.

22  Dated: June 16, 2021                     Respectfully submitted,

23

24                          By:      /s/ *Hubert T. Lee*
                                     HUBERT T. LEE (NY Bar #4992145)
25                                   SONYA J. SHEA (CA Bar #305917)
                                     U.S. Department of Justice
26                                   Environment & Natural Resources Division
                                     Environmental Defense Section
27                                   4 Constitution Square

150 M Street, NE
Suite 4.1116
Washington, D. C.  20002
Hubert.lee@usdoj.gov
sonya.shea@usdoj.gov
Telephone (202) 514-1806 (Lee)
Telephone (303) 844-7231 (Shea)
Facsimile (202) 514-8865

*Attorneys for the Agencies*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27