Christopher Sproul (State Bar No. 126398)
Stuart Wilcox (State Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Emails: csproul@enviroadvocates.com
wilcox@enviroadvocates.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC.; HUMBOLDT BAYKEEPER, a program of Northcoast Environmental Center; LAKE WORTH WATERKEEPER; MISSOURI CONFLUENCE WATERKEEPER; MONTERREY COASTKEEPER, a program of The Otter Project, Inc.; RIO GRANDE WATERKEEPER, a program of WildEarth Guardians; RUSSIAN RIVERKEEPER; SNAKE RIVER WATERKEEPER, INC.; SOUND RIVERS, INC.; UPPER MISSOURI WATERKEEPER, INC.; TURTLE ISLAND RESTORATION NETWORK; WILDEARTH GUARDIANS; ECOLOGICAL RIGHTS FOUNDATION, <br><br>       Plaintiffs, <br><br>   v. <br><br> ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY; RICKY DALE JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works; and U.S. ARMY CORPS OF ENGINEERS, <br><br>       Defendants. | Civil Case No. 18-cv-3521 <br><br> **RESPONSE TO MOTION FOR AN ENLARGEMENT OF TIME FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' AMENDED COMPLAINT** |

1  Plaintiffs do not oppose Defendants' request to continue their answer deadline until the Court decides Defendants' announced motion to remand the so-called Navigable Waters Protection Rule ("NWPR"), 85 Fed. Reg. 22,250 (Apr. 21, 2020).[1] However, Plaintiffs do dispute Defendants' recitation of the conferral between the parties regarding Defendants' request to extend their answer deadline and Plaintiffs also intend to oppose EPA's motion to remand the NWPR without vacatur and the other requested relief in that motion.

Had opposing counsel waited for Plaintiffs to respond to his email from yesterday afternoon before filing the instant motion this morning, Plaintiffs would have informed opposing counsel that they do not oppose an extension of the answer deadline here. The attached Declaration of Stuart Wilcox provides more detail, but, simply put, Plaintiffs' counsel needed to further confer with their client regarding this request for an extension and intended to respond in a reasonable time. Given that opposing counsel had not informed Plaintiffs that they believed a position on this request was urgent, had not provided a requested deadline for a response, had not informed Plaintiffs' counsel that Defendants planned to file the instant motion the next day (today), and had not tried to reach Plaintiffs' counsel by phone, amongst other things, Plaintiffs' non-response to date was wholly reasonable and Defendants' decision to file the motion before reaching Plaintiffs' position was unreasonable. *See* Declaration of Stuart Wilcox ¶¶ 3-6. Regardless, while the parties' communications to date show that opposing counsel's arguments about "extensive" attempts to ascertain Plaintiffs' position on the instant motion are exaggerated, *see* Dkt. 106-1 ¶ 2, this discussion of conferral is also largely irrelevant as Plaintiffs do not oppose the relief requested in this motion.

Additionally, though it is not at issue in the instant motion, Plaintiffs provide the below brief discussion of Defendants' announced motion for remand without vacatur to make clear that Plaintiffs do fully intend to oppose that forthcoming motion. Specifically, Plaintiffs do not oppose remand of the

---

[1] Plaintiffs' non-opposition to the relief in this motion does not extend to conceding any of Defendants' arguments, including but not limited to those regarding alleged good reasons for granting the extension request, alleged prejudice from denying the extension request, Defendants' conferral regarding this extension request, and the circumstances of previous requests for enlargement of time.

RESPONSE TO MOTION FOR
ENLARGEMENT OF TIME                   1

NWPR, but Plaintiffs dispute Defendants' position that the NWPR should be left in place indefinitely during what will be a long, drawn out rulemaking process that likely will take years to resolve. As Plaintiffs will explain, and as Defendants have now admitted after completing their review of the rule, *See, e.g.,* https://www.epa.gov/wotus/request-remand-and-supporting-documentation (providing Defendants' justifications for remanding the NWPR, including harm to waters) (last visited June 16, 2021), the NWPR has caused and is causing serious and irreparable harm to a wide array of important waters that Plaintiffs and their members rely on for a variety of purposes. As a result, if the NWPR is to be remanded, it must also be vacated to prevent further harm to Plaintiffs in the interim, and Defendants' attempt to keep the NWPR in place during the remand period should be rejected. It would also be improper to dismiss any of Plaintiffs' claims or hold any of Plaintiffs' claims in abeyance as no relief from the harm at issue in this lawsuit would have been granted. Dismissal and/or abeyance under these circumstances would preclude Plaintiffs from vindicating their rights and from halting the irreparable harm to their interests that is presently occurring.

Dated: June 16, 2021                           Respectfully submitted,

                        By:          */s/ Stuart Wilcox*
                                      Stuart Wilcox
                                      *Attorney for Plaintiffs*