Christopher Sproul (State Bar No. 126398)
Stuart Wilcox (State Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Emails: csproul@enviroadvocates.com
wilcox@enviroadvocates.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC.; HUMBOLDT BAYKEEPER, a program of Northcoast Environmental Center; LAKE WORTH WATERKEEPER; MISSOURI CONFLUENCE WATERKEEPER; MONTERREY COASTKEEPER, a program of The Otter Project, Inc.; RIO GRANDE WATERKEEPER, a program of WildEarth Guardians; RUSSIAN RIVERKEEPER; SNAKE RIVER WATERKEEPER, INC.; SOUND RIVERS, INC.; UPPER MISSOURI WATERKEEPER, INC.; TURTLE ISLAND RESTORATION NETWORK; WILDEARTH GUARDIANS; ECOLOGICAL RIGHTS FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW R. WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY; RICKY DALE JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works; and U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendants. | Civil Case No. 18-cv-3521 <br><br> **DECLARATION OF STUART WILCOX** |

I, Stuart Wilcox, hereby declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of California and am admitted to the U.S. District Court for the Northern District of California. I am an associate attorney at Environmental Advocates, a public interest law firm, and counsel for Plaintiffs in the above-captioned matter. I make this declaration based upon my personal knowledge, unless otherwise stated, and I am competent to testify to the matters set forth herein.

2. While Plaintiffs' non-opposition to Defendants' request for an extension of the answer deadline here should be enough to resolve the matter, I provide this information to correct opposing counsel's misrepresentation of the conferral in this case.

3. One week ago today, on June 9, 2021, Hubert Lee, Defendants' counsel emailed me informing me that his client intends to seek a remand of the Navigable Waters Protection Rule ("NWPR"), 85 Fed. Reg. 22,250 (Apr. 21, 2020) and requesting that Plaintiffs provide their position *on the remand without vacatur motion* by Friday June 11, 2021, two days later. This communication did not mention any request for enlargement of time for the answer deadline.

4. On June 11, 2021, as requested, I emailed Mr. Lee to let him know that Plaintiffs intend to oppose the motion to remand the NWPR without vacatur. Mr. Lee's June 11, 2021 response to that email was the first time that he mentioned his proposal for an extension of the answer deadline. This email did not request that we respond by a certain date or indicate any urgency. I was unable to confer with my client on Friday June 11, 2021 and intended to do so after the weekend and after considering the request further.

5. On the afternoon of June 15, 2021, yesterday at 2:53 pm Pacific Time, Mr. Lee emailed me again requesting my position on the proposed answer deadline extension. I did not see this email until about an hour later, roughly 6:00 pm Central Time (my primary client representative is located in the Central time zone, which is two hours ahead of the Pacific time zone). Given the relative lateness of the time in my client representative's location, that the request did not state any urgency or any deadline for a response, that the answer deadline was not imminent, that Mr. Lee and I have previously spoken on the phone on several occasions, and that Mr. Lee could easily reach me by phone if he felt urgency

1  regarding this matter, I planned to discuss with my client the next morning. However, without warning,
2  Mr. Lee filed the immediate motion the following morning before I was able to confer with my client
3  and respond.

4        6.      These facts make clear that Mr. Lee's claims that he made "extensive" attempts to
5  contact me and that I ignored him are exaggerated. In fact, our previous interactions have made clear
6  that informing me he believed a response to his question was urgent or reaching me by phone if he was
7  concerned about timing would have been quite easy and effective in ascertaining Plaintiffs' position.

8        I declare, under penalty of perjury under the laws of the United States of America, that the
9  foregoing is true and correct.

10        Executed in Aurora, Colorado on June 16, 2021.

                        Respectfully submitted,

                        By:        /s/ Stuart Wilcox
                                   Stuart Wilcox
                                   *Attorney for Plaintiffs*