1  ANTHONY L. FRANÇOIS, No. 184100
   afrancois@pacificlegal.org
2  CHARLES T. YATES, No. 327704
   cyates@pacificlegal.org
3  Pacific Legal Foundation
   930 G Street
4  Sacramento, California 95814
   Telephone: (916) 419-7111
5  Facsimile: (916) 419-7747

6  Attorneys for Defendant-Intervenors
   Chantell and Michael Sackett
7

8              IN THE UNITED STATES DISTRICT COURT
9
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
   WATERKEEPER ALLIANCE, INC., et al.,          No. 3:18-cv-03521-RS
12
                              Plaintiffs,           **ANSWER OF
13                                             DEFENDANT-INTERVENORS
                                                   CHANTELL AND
         v.                                       MICHAEL SACKETT**
14
   ANDREW R. WHEELER, as Administrator of
15 the U.S. Environmental Protection Agency, et al.,   Judge:    The Hon. Richard Seeborg

16                             Defendants,      Action Filed:       June 13, 2018
                                               Amended Complaint: Dec. 23, 2020
17 CHANTELL SACKETT; MICHAEL SACKETT

18                     Defendant-Intervenors.

19

20

21

22

23

24

25

26

27

28

For their answer to the amended complaint of Waterkeeper Alliance, Inc., Humboldt Baykeeper, Lake Worth Waterkeeper, Missouri Confluence Waterkeeper, Monterrey Coastkeeper, Rio Grande Waterkeeper, Russian Riverkeeper, Snake River Waterkeeper, Inc., Sound Rivers, Inc., Upper Missouri Waterkeeper, Inc., Turtle Island Restoration Network, WildEarth Guardians, and Ecological Rights Foundation ("Plaintiffs"), Defendant-Intervenors Chantell Sackett and Michael Sackett ("the Sacketts") admit, deny, and allege as follows:

## **INTRODUCTION**

1. The allegations in paragraph 1 constitute statements of opinion, conclusions of law, Plaintiffs' characterization of the Clean Water Act, and Plaintiffs' characterization of several publicly available legal opinions, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations in paragraph 2 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The Sacketts admit the allegations in the first sentence of paragraph 3 to the extent that Plaintiffs challenge three final rules issues by the United States Environmental Protection Agency (EPA) and the United States Army Corps of Engineers (Army) (together "the Agencies"), and defining the statutory phrase "waters of the United States." The remaining allegations in paragraph 3 constitute conclusions of law and Plaintiffs' characterization of former regulatory definitions of "waters of the United States," to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of these former regulatory definitions are further denied.

4. The allegations in paragraph 4 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations in paragraph 5 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6.      The allegations in paragraph 6 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.      The allegations in paragraph 7 purport to characterize Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (Jun. 29, 2015) (the "2015 Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 7 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.      The allegations in paragraph 8 purport to characterize Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) (the "Repeal and Recodify Rule") and Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 82 Fed. Reg. 34,899 (Jul. 27, 2017) (the "Proposed Repeal and Recodify Rule"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 8 also contain conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9.      The allegations in paragraph 9 purport to characterize Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (April 21, 2020) (the "Navigable Waters Protection Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 9 also contain conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10.      The allegations in paragraph 10 purport to characterize the Navigable Waters Protection Rule and U.S. Envtl. Prot. Agency, The Navigable Waters Protection Rule—Public Comment Summary Document (Response to Comments), Fed. Doc. No. EPA-HQ-OW-2018-0149-11574 (Apr. 21, 2020) ("Navigable Waters Protection Rule—Response to Comments"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to

the plain language and meaning of these documents are denied. The allegations in paragraph 10 also constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11.     The allegations in paragraph 11 purport to characterize the Navigable Waters Protection Rule and Navigable Waters Protection Rule – Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 11 also constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12.     The allegations in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13.     The Sacketts admit the allegations in paragraph 13 to the extent that Plaintiffs challenge three final rules issues by the Agencies. To the extent the allegations in paragraph 13 allege violations of the named federal statutes, these allegations constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14.     The allegations in paragraph 14 constitute Plaintiffs' characterization of their claim for relief, which requires no response. To the extent that a response may be deemed required, the Sacketts deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

15.     The allegations in paragraph 15 constitute Plaintiffs' characterization of their claim for relief, which requires no response. To the extent that a response may be deemed required, the Sacketts deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

16.     The allegations in paragraph 16 constitute Plaintiffs' characterization of their claim for relief, which requires no response. To the extent that a response may be deemed required, the Sacketts deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## JURISDICTION

17.     The allegations in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18.     The allegations in the first sentence of paragraph 18 constitute conclusions of law

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and on that basis deny the same.

19.     The allegations in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20.     The allegations in the first, second, third, fourth, fifth, and seventh sentences of paragraph 20 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the sixth sentence of paragraph 20, and on that basis deny the same.

## VENUE

21.     The allegations in paragraph 21 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## INTRADISTRICT ASSIGNMENT

22.     The allegations in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## THE PARTIES

23.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis deny the same.

24.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis deny the same.

25.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis deny the same.

26.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis deny the same.

27.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis deny the same.

///

28.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis deny the same.

29.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 29, and on that basis deny the same.

30.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis deny the same.

31.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 31, and on that basis deny the same. The allegations in paragraph 31 also contain conclusions of law to which no answer is required.

32.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis deny the same.

33.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 33, and on that basis deny the same.

34.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 34, and on that basis deny the same.

35.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis deny the same.

36.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 36, and on that basis deny the same.

37.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis deny the same.

38.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 38, and on that basis deny the same. The allegations in paragraph 38 also contain conclusions of law to which no answer is required.

39.     The Sacketts admit the allegations in paragraph 39 to the extent that EPA and the Army are agencies of the United States Government that implement the Clean Water Act and that promulgated the 2015 Rule, the Repeal and Recodify Rule, and the Navigable Waters Protection Rule.

40.     The Sacketts admit that Andrew Wheeler signed the Navigable Waters Protection Rule and the Repeal and Recodify Rule while serving as Administrator of EPA, but aver that Michael Regan is the current Administrator of EPA.

41.     The Sacketts admit that Rickey Dale James signed the Navigable Waters Protection Rule and the Repeal and Recodify Rule, Ryan A. Fisher signed the Delay Rule, and Jo-Ellen Darcy signed the 2015 Rule,  but aver that Jaime Pinkham is the current Acting Assistant Secretary of the Army for Civil Works.

## **LEGAL BACKGROUND**

### I.     **Overview of the CWA**

42.     The allegations in paragraph 42 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Act are denied.

43.     The allegations in paragraph 43 purport to characterize the Clean Water Act, its legislative history, and the publicly available legal opinion in *City of Milwaukee v. Ill. & Mich.*, 451 U.S. 304, 318 (1981), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

44.     The allegations in paragraph 44 purport to characterize the Clean Water Act and the publicly available legal opinion in *S.D. Warren Co. v. Maine Bd. of Envtl. Prot.*, 547 U.S. 370, 385 (2006), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

45.     The allegations in paragraph 45 purport to characterize the Clean Water Act and the publicly available legal opinion in *New York v. United States*, 505 U.S. 144, 167 (1992), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

46.     The allegations in paragraph 46 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Act are denied.

47.     The allegations in paragraph 47 purport to characterize the Clean Water Act, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Act are denied.

48.    The allegations in paragraph 48 constitute conclusions of law and selective quotations from publicly available legal opinions, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## II.    Regulatory Definition of "Waters of the United States"

49.    The allegations in paragraph 49 constitute conclusions of law and Plaintiffs' characterization of the Clean Water Act, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50.    The allegations in paragraph 50 purport to characterize 40 C.F.R. § 122.2 (2015); 33 C.F.R. § 328.3 (2015) (the "1970s Regulatory Definition"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

51.    The allegations in the first sentence of paragraph 51 purport to characterize 42 Fed. Reg. 37,128 (Jul. 19, 1977), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the second sentence of paragraph 51 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52.    The allegations in paragraph 52 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 52 also purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

53.    The allegations in paragraph 53 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 53 also purport to characterize the Repeal and Recodify Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

54.     The allegations in paragraph 54 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 54 also purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

55.     The allegations in paragraph 55 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**III.     The CWA's Permit Exclusion for Farming Activities**

56.     The allegations in paragraph 56 purport to characterize 33 U.S.C. § 1344(f)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

57.     The allegations in paragraph 57 purport to characterize 33 U.S.C. § 1344(f)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

58.     The allegations in paragraph 58 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 58 also purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Act are further denied.

59.     The allegations in paragraph 59 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 59 also purport to characterize the Clean Water Act and its legislative history, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language and meaning of these documents are further denied.

60.     The allegations in paragraph 60 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**IV.     Overview of NEPA**

61.     The allegations in paragraph 61 purport to characterize the National Environmental

Policy Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of NEPA are denied.

62.   The allegations in paragraph 62 purport to characterize the regulations at 40 C.F.R. § 1500.1(b)–(c) and 33 C.F.R. part 230, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these regulatory provisions are denied.

63.   The allegations in paragraph 63 purport to characterize 42 U.S.C. § 4332(C) and 40 C.F.R. §§ 1502.10 and 1508.18, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

64.   The allegations in paragraph 64 purport to characterize 40 C.F.R. § 1508.27, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

65.   The allegations in paragraph 65 purport to characterize 40 C.F.R. § 1508.9 and 33 C.F.R. § 230.10, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

66.   The allegations in paragraph 66 constitute conclusions of law and selective quotations from the publicly available legal opinion in *Save the Yaak Comm. v. Block*, 840 F.2d 714, 717 (9th Cir. 1988), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67.   The allegations in paragraph 67 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of 40 C.F.R. § 1500.1(b), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68.   The allegations in paragraph 68 constitute conclusions of law and Plaintiffs' characterization of 33 U.S.C. § 1371(c), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**V.    Overview of the ESA**

69.   The allegations in paragraph 69 purport to characterize the Endangered Species Act and the publicly available legal opinion in *TVA v. Hill*, 437 U.S. 153 (1978), which speak for

1   themselves and are the best evidence of their contents. Any allegations contrary to the plain

2   language and meaning of these documents are denied.

3       70.   The allegations in paragraph 70 purport to characterize the Endangered Species Act,

4   which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

5   language and meaning of the ESA are denied.

6       71.   The allegations in paragraph 71 purport to characterize the Endangered Species Act,

7   which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

8   language and meaning of the ESA are denied.

9       72.   The allegations in paragraph 72 purport to characterize the Endangered Species Act,

10  50 C.F.R. §§ 402.02 and 402.14, and the publicly available legal opinion in *Pac. Rivers Council v.*

11  *Thomas*, 30 F.3d 1050, 1054–55 (9th Cir. 1985), which speak for themselves and are the best

12  evidence of their contents. Any allegations contrary to the plain language and meaning of these

13  documents are denied. The allegations in paragraph 72 also contain conclusions of law to which no

14  answer is required; to the extent they may be deemed allegations of fact, they are denied.

15      73.   The allegations in paragraph 73 purport to characterize 16 U.S.C. § 1536(c)(1) and

16  50 C.F.R. §§ 402.12, which speak for themselves and are the best evidence of their contents. Any

17  allegations contrary to the plain language and meaning of these provisions are denied.

18      74.   The allegations in paragraph 73 purport to characterize 16 U.S.C. § 1536 and 50

19  C.F.R. §§ 402.13(a), 402.14(b)(1), which speak for themselves and are the best evidence of their

20  contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

21  The allegations in paragraph 74 also contain conclusions of law to which no answer is required; to

22  the extent they may be deemed allegations of fact, they are denied.

23      75.   The allegations in paragraph 75 purport to characterize 16 U.S.C. § 1536(a)(2) and

24  50 C.F.R. §§ 402.14(h), 402.14(g)(3), which speak for themselves and are the best evidence of their

25  contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

26      76.   The allegations in paragraph 76 purport to characterize 16 U.S.C. § 1536(b)(3)(A)

27  and 50 C.F.R. § 402.14(h)–(i), which speak for themselves and are the best evidence of their

28  contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

77.     The allegations in the final sentence of paragraph 77 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations in paragraph 77 purport to characterize 50 C.F.R. § 402.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

78.     The allegations in paragraph 78 constitute conclusions of law and Plaintiffs' characterization of the publicly available legal opinion in *Wash. Toxics Coal. v. EPA*, 413 F.3d 1024, 1034–35 (9th Cir. 2005), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79.     The allegations in paragraph 79 purport to characterize 16 U.S.C. § 1536(d) and 50 C.F.R. § 402.09, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

80.     The allegations in paragraph 80 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81.     The allegations in paragraph 81 constitute conclusions of law and Plaintiffs' characterization of 16 U.S.C. § 1540(g)(1)(A), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82.     The allegations in paragraph 82 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83.     The allegations in paragraph 83 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84.     The allegations in paragraph 84 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**VI.     Overview of the APA**

85.     The allegations in paragraph 85 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the APA are denied.

86.    The allegations in paragraph 86 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the APA are denied.

87.    The allegations in paragraph 87 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the APA are denied.

88.    The allegations in paragraph 88 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the APA are denied.

89.    The allegations in paragraph 89 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the APA are denied.

90.    The allegations in paragraph 90 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

91.    The allegations in paragraph 91 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92.    The allegations in paragraph 92 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## FACTUAL BACKGROUND

**I.    General Factual Background**

93.    The allegations in paragraph 93 constitute conclusions of law, statements of opinion, selective quotations from Definition of 'Waters of the United States' Under the Clean Water Act, 79 Fed. Reg. 21,188–191 (Apr. 21, 2014) (the "Proposed Clean Water Rule"), and selective quotations from the publicly available legal opinion in *Cty. Of Milwaukee*, 451, U.S. at 310–11, 317, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the quoted sources are further denied.

94.    The allegations in paragraph 94 constitute conclusions of law, statements of opinion,

Plaintiffs' characterization of the objectives of the Clean Water Act, and selective quotations from U.S. EPA, Office of Research and Development, *Connectivity of Streams Wetlands to Downstream Waters: A Review & Synthesis of the Scientific Evidence* (January 2015), http://cfpub.epa.gov/ncea/cfm/recordisplay.cfm?deid=296414 (the "Connectivity Report"), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the quoted sources are further denied.

95.     The allegations in paragraph 95 purport to selectively quote from Letter from Dr. David T. Allen, Chair, EPA Science Advisory Board, to EPA Administrator Gina McCarthy, *Science Advisory Board (SAB) Consideration of the Adequacy of the Scientific and Technical Basis of the EPA's Proposed Rule titled "Definition of Waters of the United States under the Clean Water Act"* (Sept. 30, 2014) ("SAB Report"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

96.     The allegations in the first and final sentences of paragraph 96 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96, and on that basis deny the same.

97.     The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 97, and on that basis deny the same.

**II.     The Clean Water Rule**

98.     The Sacketts admit that EPA and the Army published the Proposed Clean Water Rule on April 21, 2014.

99.     The Sacketts admit the allegations in paragraph 99.

100.     The Sacketts admit the allegations in paragraph 100 to the extent that several of the Plaintiffs submitted written comments on the Proposed Clean Water Rule and that these comments can be found at EPA Docket No. EPA-HQ-OW-2011-0880. To the extent the allegations in paragraph 100 incorporate facts underlying these written comments, the Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 100, and on that basis deny

the same. To the extent the allegations in paragraph 100 incorporate legal arguments or opinions contained in these written comments, the allegations in paragraph 100 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

101.    The allegations in paragraph 101 purport to characterize and selectively quote from Finding of No Significant Impact: Adoption of the Clean Water Rule: Definition of Waters of the United States (May 26, 2015), http://www2.epa.gov/sites/production/files/2015-05/ documents/finding_of_no_significant_impact_the_clean_water_rule_52715.pdf ("CWR FONSI"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

102.    The allegations in paragraph 102 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied.

103.    The allegations in paragraph 103 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied.

104.    The allegations in paragraph 104 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied.

**A.    Tributaries under the Clean Water Rule**

105.    The allegations in paragraph 105 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied.

106.    The allegations in paragraph 106 purport to characterize the 2015 Rule and U.S. EPA and U.S. Dept. of the Army, *Technical Support Document for the Clean Water Rule: Definition of Waters of the United States* (May 27, 2015) ("TSD"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

107.    The allegations in the first sentence of paragraph 107 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations in paragraph 107 purport to characterize and selectively quote from the preamble to the 2015 Rule and the SAB Report, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

108.    The allegations in paragraph 108 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the TSD, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the TSD are further denied.

**B.      Ditches and Ephemeral Features under the Clean Water Rule**

109.    The allegations in paragraph 109 purport to characterize the Proposed Clean Water Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

110.    The allegations in paragraph 110 purport to characterize the Proposed Clean Water Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

111.    The allegations in paragraph 111 purport to characterize the SAB Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

112.    The allegations in paragraph 112 purport to characterize the SAB Report; Memorandum from Dr. Amanda D. Rodewald, Chair of the SAB Panel for the Review of the EPA Water Body Connectivity Report, to Dr. David Allen, Chair of the SAB, Comments to the Chartered SAB on the Adequacy of the Scientific and Technical Basis of the Proposed Rule Titled "Definition of 'Waters of the United States' Under the Clean Water Act" (Sept. 2, 2014); and Revised Comments by Kurt D. Fausch on the proposed rule "Definition of 'Waters of the United States' Under the Clean Water Act;" which speak for themselves and are the best evidence of their

///

contents. Any allegations contrary to the plain language and meaning of these documents are denied.

113.   The allegations in paragraph 113 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

114.   The allegations in paragraph 114 purport to characterize the 2015 Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

115.   The allegations in paragraph 115 purport to characterize the TSD, and the Proposed Clean Water Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

116.   The allegations in paragraph 116 purport to characterize the 2015 Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

117.   The allegations in paragraph 117 purport to characterize the TSD, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

118.   The allegations in paragraph 118 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the 2015 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

119.   The allegations in paragraph 119 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the 2015 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

120.   The allegations in paragraph 120 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the 2015 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

1

2

### C.    Limits on the Application of the Significant Nexus Test Under the Proposed and Final Clean Water Rules

3

4

5

121.    The allegations in paragraph 121 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

6

7

8

122.    The allegations in paragraph 122 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

9

10

11

123.    The allegations in paragraph 123 purport to characterize the Proposed Clean Water Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

12

13

14

124.    The allegations in paragraph 124 purport to characterize the Proposed Clean Water Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

15

16

17

18

125.    The allegations in paragraph 125 constitute conclusions of law, statements of opinion, and selective quotations from the 2015 Rule and its preamble, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the quoted documents are further denied.

19

20

### D.    Adjacent Waters and Normal Farming Activities under the Proposed and Final Clean Water Rule

21

22

23

126.    The allegations in paragraph 126 constitute conclusions of law and unattributed descriptions of the pre-2015 regulatory scheme, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24

25

26

27

127.    The allegations in paragraph 127 purport to characterize the Proposed Clean Water Rule and the final 2015 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

28

128.    The allegations in paragraph 128 purport to characterize the Proposed Clean Water

Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

129.   The allegations in paragraph 129 purport to characterize the preamble to the Proposed Clean Water Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

130.   The allegations in paragraph 130 purport to characterize the final 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

131.   The allegations in paragraph 131 purport to characterize and selectively quote from the final 2015 Rule and Memorandum from Lance Wood, Assistant Chief Counsel for Environmental Law and Regulatory Programs, U.S Army Corps of Engineers, to Maj. Gen. John Peabody, Deputy Commanding General for Civil and Emergency Operations, U.S. Army Corps of Engineers, Legal Analysis of Draft Final Rule on Definition of "Waters of the United States" (Apr. 24, 2015) at 5 ("Wood Memorandum"). These documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

132.   The allegations in the first sentence of paragraph 132 purport to characterize the preamble to the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the second sentence of paragraph 132 purport to characterize Section 404(f) of the Clean Water Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the second sentence of paragraph 132 also constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

133.   The allegations in the second sentence of paragraph 133 purport to characterize the Proposed Clean Water Rule and the Final 2015 Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

134.    The allegations in paragraph 134 purport to characterize the 2015 Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

135.    The allegations in paragraph 135 purport to characterize the 2015 Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

136.    The allegations in paragraph 136 and footnote 13 constitute vague, unattributed statements of opinion about the administrative record and Plaintiffs' characterization of the Wood Memorandum, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

137.    The allegations in paragraph 137 constitute statements of opinion and Plaintiffs' characterization of the preamble to the Proposed Clean Water Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of this publicly available document are further denied.

138.    The allegations in paragraph 138 constitute statements of opinion and Plaintiffs' characterization of the preamble to the Proposed Clean Water Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of this publicly available document are further denied.

**E.    Waste Treatment Systems Under the Proposed and Final Clean Water Rule**

139.    The allegations in paragraph 139 purport to characterize 45 Fed. Reg. 33,290 (May 19, 1980) and 40 C.F.R. § 122.3 (1980), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

140.    The allegations in paragraph 140 purport to characterize 45 Fed. Reg. 48,620 (July 21, 1980), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

141.    The allegations in paragraph 141 purport to characterize 45 Fed. Reg. 48,620 (July 21, 1980), which speaks for itself and is the best evidence of its contents. Any allegations

1   contrary to the plain language and meaning of this document are denied.

2       142.    The allegations in paragraph 142 constitute conclusions of law, statements of

3   opinion, and unattributed assertions about the regulatory history of the Clean Water Act, to which

4   no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5       143.    The allegations in paragraph 143 constitute conclusions of law, statements of

6   opinion, and unattributed assertions about the regulatory history of the Clean Water Act, to which

7   no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8       144.    The allegations in paragraph 144 purport to characterize the Proposed Clean Water

9   Rule and its preamble, which speak for themselves and are the best evidence of their contents. Any

10  allegations contrary to the plain language and meaning of these documents are denied.

11      145.    The allegations in paragraph 145 purport to characterize the 2015 Rule and its

12  preamble, which speak for themselves and are the best evidence of their contents. Any allegations

13  contrary to the plain language and meaning of these documents are denied.

14      146.    The allegations in paragraph 146 purport to characterize the 2015 Rule and its

15  preamble, which speak for themselves and are the best evidence of their contents. Any allegations

16  contrary to the plain language and meaning of these documents are denied.

17      147.    The allegations in paragraph 147 purport to characterize the 2015 Rule and its

18  preamble, which speak for themselves and are the best evidence of their contents. Any allegations

19  contrary to the plain language and meaning of these documents are denied.

20      148.    The allegations in paragraph 148 purport to characterize the 2015 Rule, which

21  speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

22  language and meaning of this document are denied.

23      149.    The allegations in the first sentence of paragraph 149 purport to characterize the

24  2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary

25  to the plain language and meaning of this document are denied. The allegations in the second

26  sentence of paragraph 149 constitute conclusions of law and statements of opinion, to which no

27  answer is required; to the extent they may be deemed allegations of fact, they are denied.

28      150.    The allegations in paragraph 150 purport to characterize the 2015 Rule, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph 150 also constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are further denied.

**F.      Abandonment of "Other Waters" Under the Clean Water Rule**

151.   The allegations in the first sentence of paragraph 151 purport to characterize the regulatory scheme in existence prior to the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of these regulations are denied. The allegations in the second sentence of paragraph 151 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

152.   The Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 152, and on that basis deny the same.

153.   The allegations in paragraph 153 purport to characterize the Clean Waters Rule and the TSD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

154.   The allegations in paragraph 154 purport to characterize the 2015 Rule's administrative record, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the documents in the record are denied.

155.   The allegations in paragraph 155 constitute conclusions of law, statements of opinion, and Plaintiffs' vague characterizations of the 2015 Rule's administrative record, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**G.      The Corps' EA/FONSI for the Clean Water Rule**

156.   The allegations in paragraph 156 purport to characterize the CWR FONSI, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

157.   The allegations in paragraph 157 purport to characterize the CWR FONSI; the Final Environmental Assessment for the 2015 Rule; and U.S. EPA and U.S. Army Corps of Engineers,

Economic Analysis of the EPA-Army Clean Water Rule (May 20, 2015) (2015 Rule Economic Analysis); which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

158.    The allegations in paragraph 158 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the Final Environmental Assessment for the 2015 Rule and the 2015 Rule's Economic Analysis, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of these documents are further denied.

159.    The allegations in the first sentence of paragraph 159 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in the second sentence of paragraph 159 purport to characterize and selectively quote from Memorandum from Maj. Gen. John Peabody, Deputy Commanding General for Civil and Emergency Operations, U.S. Army Corps of Engineers, to Jo-Ellen Darcy, Assistant Secretary of the Army for Civil Works (May 15, 2015), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

160.    The allegations in paragraph 160 constitute conclusions of law, statements of opinion, Plaintiffs' characterization of the 2015 Rule's preamble, and Plaintiffs' unattributed characterizations of documents in the 2015 Rule's administrative record, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

161.    The allegations in paragraph 161 constitute conclusions of law, statements of opinion, Plaintiffs' characterization of the 2015 Rule's Final Environmental Assessment, and selective quotations from the 2015 Rule's Final Environmental Assessment, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**H.    The allegations in Subheading II.H. Constitute
Conclusions of Law to Which no Answer Is Required; to
the Extent They May be Deemed Allegations of Fact, They are Denied**

162.    The allegations in paragraph 162 purport to characterize the 2015 Rule, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

### III.    The Repeal and Replacement Rules

163.    The allegations in paragraph 163 purport to characterize Exec. Order No. 13,778, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 163 also contain statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

164.    The allegations in paragraph 164 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

165.    The allegations in paragraph 165 purport to characterize Notice of Intention, 82 Fed. Reg. 12,532, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

166.    The allegations in paragraph 166 constitute conclusions of law, statements of opinion, and Plaintiffs' characterizations of certain regulatory actions taken by Defendants, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

167.    The allegations in paragraph 167 and footnote 16 constitute conclusions of law, statements of opinion, and Plaintiffs' characterizations of certain regulatory actions taken by Defendants, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in footnote 16 also purport to characterize a number of publicly available documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

168.    The allegations in paragraph 168 constitute conclusions of law, statements of opinion, and selective quotations from Letter from Association of Clean Water Agencies to The Honorable Scott Pruitt re: Federalism Process and WOTUS Rule Development (June 19, 2017), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

1  Any allegations contrary to the plain language and meaning of the quoted document are further

2  denied.

3  ### A.   Step One—Repeal the Clean Water Rule

4  169.   The allegations in paragraph 169 purport to characterize Definition of "Waters of

5  the United States"—Recodification of Existing Rules, 82 Fed. Reg. 34,899 (July 27, 2017) (the

6  "Proposed Repeal and Recodify Rule"), which speaks for itself and is the best evidence of its

7  contents. Any allegations contrary to the plain language and meaning of this document are denied.

8  170.   The allegations in paragraph 170 purport to characterize the Proposed Repeal and

9  Recodify Rule, which speaks for itself and is the best evidence of its contents. Any allegations

10  contrary to the plain language and meaning of this document are denied.

11  171.   The allegations in paragraph 171 constitute conclusions of law and Plaintiffs'

12  characterization of the Proposed Repeal and Recodify Rule, to which no answer is required; to the

13  extent they may be deemed allegations of fact, they are denied.

14  172.   The allegations in paragraph 172 constitute conclusions of law, statements of

15  opinion, and Plaintiffs' characterization of the Proposed Repeal and Recodify Rule, to which no

16  answer is required; to the extent they may be deemed allegations of fact, they are denied.

17  173.   The allegations in paragraph 173 constitute statements of opinion, and Plaintiffs'

18  characterization of the Proposed Repeal and Recodify Rule, to which no answer is required; to the

19  extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the

20  plain language and meaning of the Proposed Repeal and Recodify Rule are further denied.

21  174.   The allegations in the first sentence of paragraph 174 purport to characterize

22  Definition of "Waters of the United States"—Addition of an Applicability Date to 2015 Clean

23  Water Rule, 83 Fed. Reg. 5,200 (Feb. 6, 2018), which speaks for itself and is the best evidence of

24  its contents. Any allegations contrary to the plain language and meaning of this document are

25  denied. The remaining allegations in paragraph 174 constitute conclusions of law and Plaintiffs'

26  characterization of, and selective quotations from, publicly available legal opinions, to which no

27  answer is required; to the extent they may be deemed allegations of fact, they are denied.

28  175.   The allegations in paragraph 175 constitute conclusions of law and Plaintiffs'

characterization of several publicly available legal opinions, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

176.    The allegations in paragraph 176 constitute conclusions of law and Plaintiffs' characterization of Supplemental Notice of Proposed Rulemaking, Definition of "Waters of the U.S."—Recodification of Pre-Existing Rules, 83 Fed. Reg. 32,227 (July 12, 2018) ("Supplemental Notice")., to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the Supplemental Notice are further denied.

177.    The allegations in paragraph 177 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the Supplemental Notice, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

178.    The allegations in paragraph 178 constitute conclusions of law and Plaintiffs' characterization of the Supplemental Notice, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the Supplemental Notice are further denied.

179.    The allegations in the first three sentences of paragraph 179 purport to characterize *Resource and Programmatic Assessment for the Proposed Revised Definition of "Waters of the United States"* ("Repeal Rule RPA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph 179 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

180.    The Sacketts admit the allegations in paragraph 180 to the extent that several of the Plaintiffs submitted written comments on the Proposed Repeal and Recodify Rule and/or the Supplemental Notice, and that these comments can be found at EPA Docket No. EPA-HQ-OW-2017-0203. To the extent the allegations in paragraph 180 incorporate facts underlying these written comments, the Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 180, and on that basis deny the same. To the extent the allegations in paragraph 180

incorporate legal arguments or opinions contained in these written comments, the allegations in paragraph 180 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

181. The allegations in paragraph 181 purport to characterize the 2019 Repeal and Recodify Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

182. The allegations in paragraph 182 and footnote 20 purport to characterize and selectively quote from the 2019 Repeal and Recodify Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. The allegations in paragraph 182 and footnote 20 also constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### i. The Allegations in Subheading III.A.i. Constitute Conclusions of Law, To Which no Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied

183. The allegations in paragraph 183 constitute conclusions of law and Plaintiffs' characterization of the Repeal and Recodify Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### ii. The Allegations in Subheading III.A.ii. Constitute Conclusions of Law, to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied

184. The allegations in the first two sentences of paragraph 184 purport to characterize the Repeal and Recodify Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 184, and on that basis deny the same. The allegations in the final sentence of paragraph 184 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### B. Step Two—The Replacement Rule

185.    The allegations in paragraph 185 purport to characterize the Proposed Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

186.    The Sacketts admit the allegations in paragraph 186 to the extent that several of the Plaintiffs submitted written comments on the Preproposal Notice and Proposed Navigable Waters Protection Rule, and that these comments can be found at EPA Docket Nos. EPA-HQ-OW-2017-0480 and EPA-HQ-OW-2018-0149. To the extent the allegations in paragraph 186 incorporate facts underlying these written comments, the Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 186, and on that basis deny the same. To the extent the allegations in paragraph 186 incorporate legal arguments or opinions contained in these written comments, the allegations in paragraph 186 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

187.    The allegations in paragraph 187 purport to characterize and selectively quote from the Proposed Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

188.    The allegations in paragraph 188 purport to characterize and selectively quote from the Proposed Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph 188 also constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

189.    The allegations in paragraph 189 purport to characterize and selectively quote from the Clean Water Act, and the Proposed Navigable Waters Protection Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 189 also contain conclusions of law, to which no answer is required; to the extent they may be deemed allegations

1   of fact, they are denied.

2          190.    The allegations in paragraph 190 constitute conclusions of law and Plaintiffs'

3   characterization of the Proposed Navigable Waters Protection Rule, to which no answer is required;

4   to the extent they may be deemed allegations of fact, they are denied.

5          191.    The allegations in paragraph 191 constitute conclusions of law, statements of

6   opinion, and Plaintiffs' characterization of the Proposed Navigable Waters Protection Rule, to

7   which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8          192.    The allegations in paragraph 192 constitute conclusions of law and Plaintiffs'

9   characterization of the Proposed Navigable Waters Protection Rule, to which no answer is required;

10  to the extent they may be deemed allegations of fact, they are denied.

11         193.    The allegations in paragraph 193 constitute conclusions of law, statements of

12  opinion, Plaintiffs' characterization of the Proposed Navigable Waters Protection Rule, and

13  Plaintiffs' characterization of the Navigable Waters Protection Rule Resource and Programmatic

14  Assessment, to which no answer is required; to the extent they may be deemed allegations of fact,

15  they are denied.

16         194.    The allegations in paragraph 194 constitute conclusions of law and Plaintiffs'

17  characterization of the Proposed Navigable Waters Protection Rule, to which no answer is required;

18  to the extent they may be deemed allegations of fact, they are denied.

19         195.    The Sacketts admit the allegations in paragraph 195 to the extent that the public

20  comment period on the Proposed Navigable Waters Protection Rule ended on April 15, 2019.

21         196.    The allegations in paragraph 196 purport to characterize EPA, SAB, Draft

22  Commentary on the Proposed Rule Defining the Scope of Waters Federally Regulated Under the

23  Clean Water Act (Oct. 16, 2019) ("SAB Draft Commentary"), which speaks for itself and is the

24  best evidence of its contents. Any allegations contrary to the plain language and meaning of this

25  document are denied.

26         197.    The allegations in paragraph 197 purport to characterize the SAB Draft Commentary

27  and EPA, SAB, Final Commentary on the Proposed Rule Defining the Scope of Waters Federally

28  Regulated Under the Clean Water Act (Feb. 27, 2020) ("SAB Final Commentary"), which speak

for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

198.    The allegations in paragraph 198 purport to characterize the SAB Final Commentary, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

199.    The allegations in paragraph 199 purport to characterize the SAB Final Commentary, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

**C.    The Final Replacement Rule Definition**

200.    The allegations in paragraph 200 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph 200 also constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

201.    The allegations in the first two sentences of paragraph 201 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the final sentence paragraph 201, and on that basis deny the same.

202.    The allegations in paragraph 202 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

203.    The allegations in paragraph 203 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 203 also selectively quote from the Navigable Waters Protection Rule – Response to Comments, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

204.    The allegations in paragraph 204 constitute conclusions of law to which no answer

is required; to the extent they may be deemed allegations of fact, they are denied.

205.    The allegations in paragraph 205 purport to characterize and selectively quote from the Navigable Waters Protection Rule and the Navigable Waters Protection Rule, Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 205 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

206.    The allegations in paragraph 206 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

207.    The allegations in paragraph 207 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 207 also contain conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

208.    The allegations in paragraph 208 and footnote 21 purport to characterize and selectively quote from the Navigable Waters Protection Rule, and several documents in the Navigable Waters Protection Rule's administrative record, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 208 also contain statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

209.    The allegations in paragraph 209 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**D.    The Allegations in Subheading III.D. Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied**

210.    The allegations in paragraph 210 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations

contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph 210 also constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

211. The allegations in the final sentence of paragraph 211 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations in paragraph 211 purport to characterize and selectively quote from the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied.

### i. Traditional Navigable Waters and the Territorial Seas Under the Replacement Rule

212. The allegations in the first and second sentences of paragraph 212 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph 212 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

213. The allegations in paragraph 213 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 213 also contain conclusions of law to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

214. The allegations in paragraph 214 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 214 also contain conclusions of law to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

///

215.    The allegations in paragraph 215 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 215 also contain conclusions of law to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

### ii.    Interstate Waters Under the Replacement Rule

216.    The allegations in the first sentence of paragraph 216 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations in paragraph 216 purport to characterize the Navigable Waters Protection Rule, The Navigable Waters Protection—Response to Comments, and the Navigable Waters Protection Rule Resource and Programmatic Assessment, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

217.    The allegations in the first sentence of paragraph 217 purport to characterize the Water Pollution Control Act of 1948 and 33 U.S.C. §§ 1313, 1319, 1341, 1342, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these statutes are denied. The remaining allegations in paragraph 217 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, the Repeal and Recodify Rule, and National Pollutant Discharge Elimination System, 38 Fed. Reg. 13,528, 13,529 (May 22, 1973), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

218.    The allegations in paragraph 218 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, the Navigable Waters Protection Rule—Response to Comments, and the 2015 Rule TSD, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

219.    The allegations in paragraph 219 and footnotes 23–24 purport to characterize and selectively quote from the Clean Water Act and numerous publicly available legal opinions, which

speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these sources are denied. The allegations in paragraph 219 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### iii.    Waters that Impact Interstate Commerce Under the Replacement Rule

220.    The allegations in paragraph 220 purport to characterize 33 C.F.R. § 328.3(a)(3) (2015) and 84 Fed. Reg. at 56,670, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

221.    The allegations in the first and second sentences of paragraph 221 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. To the extent the remaining allegations in paragraph 221 purport to characterize Plaintiffs' written comments on the Navigable Waters Protection Rule, these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. To the extent the allegations in paragraph 221 incorporate facts underlying Plaintiffs' written comments, the Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 221, and on that basis deny the same. To the extent the allegations in paragraph 221 purport to incorporate legal arguments or opinions contained in Plaintiffs' written comments, the allegations in paragraph 221 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### iv.    Rivers and Streams Under the Replacement Rule

222.    The allegations in paragraph 222 purport to characterize and selectively quote from the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

223.    The allegations in paragraph 223 constitute conclusions of law and selective quotations from Justice Kennedy's publicly available concurrence in *Rapanos v. United States*, 547

U.S. 715 (2006), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

224.    The allegations in paragraph 224 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule and documents in the administrative record, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

225.    The allegations in paragraph 225 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

226.    The allegations in the first, second, and third sentences of paragraph 226 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts lack information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 226, and on that basis deny the same.

227.    The allegations in paragraph 227 purport to characterize the Navigable Waters Protection Rule, the Navigable Waters Protection Rule—Response to Comments, the Connectivity Report, and the Navigable Waters Protection Rule Resource and Programmatic Assessment, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in the second sentence of paragraph 227 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

228.    The allegations in the first two sentences of paragraph 228 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in the final sentence of paragraph 228 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

229.    The allegations in paragraph 229 purport to characterize the Navigable Waters

Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

230.    The allegations in paragraph 230 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 230 also contain conclusions of law and statements of opinion, to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

231.    The allegations in paragraph 231 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

232.    The allegations in the first and second sentences of paragraph 232 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in the final sentence of paragraph 232 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

233.    The allegations in paragraph 233 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

234.    The allegations in paragraph 234 purport to characterize and selectively quote from the Connectivity Report and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

235.    The allegations in paragraph 235 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain

1   language and meaning of these documents are denied.

2          236.    The allegations in paragraph 236 purport to characterize the Navigable Waters

3   Protection Rule, the Proposed Navigable Waters Protection Rule, the Navigable Waters Protection

4   Rule—Response to Comments, and the administrative record, which speak for themselves and are

5   the best evidence of their contents. Any allegations contrary to the plain language and meaning of

6   these documents are denied. The allegations in paragraph 236 also contain conclusions of law and

7   statements of opinion, to which no answer is required; to the extent these may be deemed allegations

8   of fact, they are denied.

9          237.    To the extent the allegations in the first and second sentences of 237 purport to

10  characterize Plaintiffs' written comments on the Navigable Waters Protection Rule, these

11  documents speak for themselves and are the best evidence of their contents. Any allegations

12  contrary to the plain language and meaning of these documents are denied. To the extent the

13  allegations in the first and second sentences of paragraph 237 incorporate facts underlying

14  Plaintiffs' written comments, the Sacketts lack information sufficient to form a belief as to the truth

15  of the allegations in the first and second sentences of paragraph 237, and on that basis deny the

16  same. To the extent the allegations in the first and second sentences of paragraph 237 incorporate

17  legal arguments or opinions contained in Plaintiffs' written comments, the allegations in the first

18  and second sentences of paragraph 237 constitute conclusions of law and statements of opinion to

19  which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20  The allegations in the third sentence of paragraph 237 purport to characterize the Replacement

21  Rule—Response to Comments, which speaks for itself and is the best evidence of its contents. Any

22  allegations contrary to the plain language and meaning of this document are denied. The allegations

23  in the final sentence of paragraph 237 constitute conclusions of law and statements of opinion, to

24  which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25         238.    The allegations in the first and second sentences of paragraph 238 purport to

26  characterize unnamed public comments in the Navigable Waters Protection Rule rulemaking record

27  and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves

28  and are the best evidence of its contents. Any allegations contrary to the plain language and meaning

1   of these documents are denied. The allegations in the final sentence of paragraph 238 constitute

2   conclusions of law and statements of opinion, to which no answer is required; to the extent they

3   may be deemed allegations of fact, they are denied.

4   239.   The allegations in the first and second sentences of paragraph 239 purport to

5   characterize the Navigable Waters Protection Rule and the Navigable Waters Protection

6   Rule—Response to Comments, which speak for themselves and are the best evidence of their

7   contents. Any allegations contrary to the plain language and meaning of these documents are

8   denied. The allegations in the final sentence of paragraph 239 constitute conclusions of law to

9   which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10   240.   The allegations in the first sentence of paragraph 240 constitute conclusions of law

11   to which no answer is required; to the extent they may be deemed allegations of fact, they are

12   denied. The remaining allegations in paragraph 240 purport to characterize the Navigable Waters

13   Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations

14   contrary to the plain language and meaning of this document are denied.

15   241.   The allegations in paragraph 241 constitute conclusions of law, statements of

16   opinion, and Plaintiffs' characterization of the Navigable Waters Protection Rule and its

17   administrative record, to which no answer is required; to the extent they may be deemed allegations

18   of fact, they are denied.

19   **v.   Ditches and Canals Under the Replacement Rule**

20   242.   The allegations in paragraph 242 purport to characterize the Navigable Waters

21   Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations

22   contrary to the plain language and meaning of this document are denied.

23   243.   The allegations in paragraph 243 purport to characterize the Navigable Waters

24   Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations

25   contrary to the plain language and meaning of this document are denied.

26   244.   The allegations in the first and final sentences of paragraph 244 constitute

27   conclusions of law to which no answer is required; to the extent they may be deemed allegations

28   of fact, they are denied. The remaining allegations in paragraph 244 and footnote 27 purport to

characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

245.    To the extent the allegations in paragraph 245 purport to characterize Plaintiffs' written comments on the Navigable Waters Protection Rule, these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. To the extent the allegations in paragraph 245 incorporate facts underlying Plaintiffs' written comments, the Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 245, and on that basis deny the same. To the extent the allegations in paragraph 245 purport to incorporate legal arguments or opinions contained in Plaintiffs' written comments, the allegations in paragraph 245 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

246.    The allegations in the first sentence of paragraph 246 purport to characterize the Navigable Waters Protection Rule—Response to Comments, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the second and third sentences of paragraph 246 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

247.    The allegations in paragraph 247 constitute conclusions of law and Plaintiffs' characterization of several publicly available legal opinions, the Clean Water Act, and documents in the Agencies' administrative record, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the cited documents are further denied.

### vi.    Wetlands Under the Replacement Rule

248.    The allegations in paragraph 248 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations

contrary to the plain language and meaning of the Rule are denied.

249.    The allegations in the first and final sentences of paragraph 249 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in the second and third sentences of paragraph 249 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

250.    The allegations in the first and second sentences of paragraph 250 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. The allegations in the third sentence of paragraph 250 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

251.    The allegations in paragraph 251 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

252.    The allegations in paragraph 252 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

253.    The allegations in paragraph 253 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of the Rule are further denied.

254.    The allegations in the first and second sentences of paragraph 254 purport to characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph 254 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

255.    The allegations in paragraph 255 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule response to comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

256.    The allegations in the first, second, third, fourth, and fifth sentences of paragraph 256 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in the final sentence of paragraph 256 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### vii.    Lakes, Ponds, and "Impoundments of Jurisdictional Waters" Under the Replacement Rule

257.    The allegations in paragraph 257 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

258.    The allegations in paragraph 258 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

259.    The allegations in paragraph 259 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

260.    The allegations in the first sentence of paragraph 260 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in the second and third sentences of paragraph 260 purport to characterize the Navigable Waters Protection Rule and other documents in the administrative record, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in the second and third sentences of paragraph 260 also contain conclusions of law to

which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

261.    The allegations in the first and second sentences of paragraph 261 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule—Response to Comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in the final sentence of paragraph 261 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### viii.    The Replacement Rule's Reliance on the "Typical Year"

262.    The allegations in paragraph 262 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. The allegations in paragraph 262 also contain conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

263.    The allegations in the first sentence of paragraph 263 constitute conclusions of law and statements of opinion to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in the second sentence of paragraph 263 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

264.    The allegations in paragraph 264 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the Proposed Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

265.    The allegations in paragraph 265 purport to characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 265 also contain conclusions of law to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

266.    The allegations in the first, second, and third sentences of paragraph 266 purport to

characterize the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in the final sentence of paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### ix.    The Waste Treatment Exclusion Under the Replacement Rule

267.    The allegations in paragraph 267 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

268.    The allegations in paragraph 268 purport to characterize the Navigable Waters Protection Rule and the Clean Water Act, which speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 268 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

269.    The allegations in paragraph 269 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule and the Clean Water Act, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### x.    Defendants' Economic Analysis and Resource and Programmatic Analysis for the Replacement Rule

270.    The allegations in paragraph 270 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

271.    The allegations in paragraph 271 purport to characterize the Navigable Waters Protection Rule Resource and Programmatic Assessment and Economic Analysis, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

272.    The allegations in paragraph 272 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule Resource and Programmatic Assessment, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

273.     The allegations in paragraph 273 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the Navigable Waters Protection Rule Resource and Programmatic Assessment, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

274.     The allegations in paragraph 274 purport to characterize the Navigable Waters Protection Rule Resource and Programmatic Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. As to the vague allegations in footnote 31 regarding the universe of scientific data available to the Agencies, the Sacketts lack information sufficient to form a belief as to the truth of the allegations in footnote 31 and on that basis deny the same.

275.     The allegations in paragraph 275 constitute conclusions of law, statements of opinion, and Plaintiffs' characterization of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

276.     The allegations in paragraph 276 purport to characterize the Navigable Waters Protection Rule and the Navigable Waters Protection Rule Resource and Programmatic Assessment, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 276 also contain conclusions of law and statements of opinion to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

277.     The allegations in paragraph 277 purport to characterize the Navigable Waters Protection Rule Resource and Programmatic Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 277 also contain statements of opinion to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

278.     The allegations in paragraph 278 purport to characterize the Navigable Waters Protection Rule, the Navigable Waters Protection Rule Resource and Programmatic Assessment, and the Final Economic Analysis, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are

denied. The allegations in paragraph 278 also purport to characterize an agency-generated graphic, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this graphic are denied. To the extent any further response is required, the Sacketts deny that the Navigable Waters Protection Rule will harm the public and water resources.

279.    The allegations in paragraph 279 purport to characterize the Final Economic Analysis for the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 279 also contain conclusions of law and statements of opinion to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

280.    The allegations in paragraph 280 purport to characterize the Final Economic Analysis for the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 280 also contain conclusions of law and statements of opinion to which no answer is required; to the extent these may be deemed allegations of fact, they are denied.

281.    The allegations in paragraph 281 purport to characterize the Final Economic Analysis for the Navigable Waters Protection Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

282.    The allegations in paragraph 282 constitute conclusions of law and Plaintiffs' characterizations of the Clean Water Act and publicly available legal opinions, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

283.    The allegations in paragraph 283 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule Resource and Programmatic Assessment and Final Economic Analysis, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1

2

3

### xi.   The Allegations in Subheading III.D.xi. Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied

4   284.   The allegations in the first and second sentences (including corresponding citations)

5   of paragraph 284 purport to characterize a number of documents in the Agencies' administrative

6   record for the Navigable Waters Protection Rule. These documents speak for themselves and are

7   the best evidence of their contents. Any allegations contrary to the plain language and meaning of

8   these documents are denied. The allegations in the third and final sentences of paragraph 284

9   constitute conclusions of law to which no answer is required; to the extent they may be deemed

10   allegations of fact, they are denied.

11   285.   The allegations in paragraph 285 purport to characterize the Navigable Waters

12   Protection Rule and a number of documents in the Agencies' administrative record. These

13   documents speak for themselves and are the best evidence of their contents. Any allegations

14   contrary to the plain language and meaning of these documents are denied. The allegations in the

15   second sentence of paragraph 285 also contain conclusions of law to which no answer is required;

16   to the extent they may be deemed allegations of fact, they are denied.

17   286.   The allegations in paragraph 286 purport to characterize the Navigable Waters

18   Protection Rule and a number of documents in the Agencies' administrative record. These

19   documents speak for themselves and are the best evidence of their contents. Any allegations

20   contrary to the plain language and meaning of these documents are denied. The allegations in

21   paragraph 286 also contain conclusions of law to which no answer is required; to the extent they

22   may be deemed allegations of fact, they are denied.

23   287.   The allegations in paragraph 287 constitute conclusions of law and Plaintiffs'

24   characterization of the publicly available legal opinion in *Ober v. EPA*, 84 F.3d 304, 314–15 (9th

25   Cir. 1996), to which no answer is required; to the extent they may be deemed allegations of fact,

26   they are denied.

27

### xii.   The Allegations in Subheading III.D.xii. Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied

28

288.    The allegations in paragraph 288 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

> ### xiii.    The Allegations in Subheading III.D.xiii. Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied. The Sacketts Specifically Deny That the Agencies Have Any Legal Authority to Regulate Non-Abutting Wetlands Such as the One Alleged to Exist on Their Property; Deny That the Agencies Engaged in a Discretionary Decision in the Navigable Waters Protection Rule to Deregulate Such Wetlands; and Deny That the Agencies Had Any Obligation Under the Endangered Species Act to Consult on That Aspect of the Navigable Waters Protection Rule

289.    The allegations in paragraph 289 constitute conclusions of law and Plaintiffs' characterization of the scope of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts specifically deny that the Agencies have any legal authority to regulate non-abutting wetlands such as the one alleged to exist on their property; deny that the Agencies engaged in a discretionary decision in the Navigable Waters Protection Rule to deregulate such wetlands; and deny that the Agencies had any obligation under the Endangered Species Act to consult on that aspect of the Navigable Waters Protection Rule.

## FIRST CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs' Characterization of Their Claim for Relief, Which Requires No Response. To the Extent That a Response May Be Deemed Required, the Sacketts Deny That Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever**

290.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

291.    The allegations in paragraph 291 purport to characterize 40 C.F.R. § 1508.9(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

292.    The allegations in paragraph 292 purport to characterize 40 C.F.R. § 1508.13, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

293.     The allegations in paragraph 293 purport to characterize 42 U.S.C. § 4332(C), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

294.     The allegations in paragraph 294 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

295.     The allegations in paragraph 295 constitute conclusions of law and Plaintiffs' characterization of the Navigable Waters Protection Rule and 40 C.F.R. § 1508.27(b)(3), (4), (6), (9), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

296.     The allegations in paragraph 296 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

297.     The allegations in paragraph 297 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## SECOND CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs' Characterization of Their Claim for Relief, Which Requires No Response. To the Extent That a Response May Be Deemed Required, the Sacketts Deny That Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever**

298.     The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

299.     The allegations in paragraph 299 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. To the extent the allegations in paragraph 299 purport to characterize written comments in the administrative record, these documents speaks for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. To the extent the allegations in paragraph 299 incorporate facts underlying these written comments, the Sacketts lack information sufficient to form a belief as to the truth of the allegations in paragraph 299, and on that basis deny the same. To the extent the allegations in paragraph 299 incorporate legal arguments

1    or opinions contained in these written comments, the allegations in paragraph 299 constitute

2    conclusions of law and statements of opinion to which no answer is required; to the extent they

3    may be deemed allegations of fact, they are denied.

4          300.    The allegations in paragraph 300 constitute conclusions of law to which no answer

5    is required; to the extent they may be deemed allegations of fact, they are denied.

6          301.    The allegations in paragraph 301 constitute conclusions of law to which no answer

7    is required; to the extent they may be deemed allegations of fact, they are denied.

8    **THIRD CLAIM FOR RELIEF**

9    
10
11

**The Allegations in the Subheading Constitute Conclusions of Law
and Plaintiffs' Characterization of Their Claim for Relief, Which
Requires No Response. To the Extent That a Response May Be Deemed
Required, the Sacketts Deny That Plaintiffs Are Entitled to the Relief
Requested or to Any Relief Whatsoever.**

12          302.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs'

13    Amended Complaint are repeated and incorporated by reference.

14          303.    The allegations in paragraph 303 purport to characterize the APA, which speaks for

15    itself and is the best evidence of its contents. Any allegations contrary to the plain language and

16    meaning of the APA are denied.

17          304.    The allegations in paragraph 304 purport to characterize the APA, which speaks for

18    itself and is the best evidence of its contents. Any allegations contrary to the plain language and

19    meaning of the APA are denied.

20          305.    The allegations in paragraph 305 constitute conclusions of law and selective

21    quotations from the publicly available legal opinion in *Natural Res. Def. Council v. EPA*, 279 F.3d

22    1180, 1186 (9th Cir. 2002), to which no answer is required; to the extent they may be deemed

23    allegations of fact, they are denied.

24          306.    The allegations in paragraph 306 constitute conclusions of law and Plaintiffs'

25    characterization of the Navigable Waters Protection Rule, to which no answer is required; to the

26    extent they may be deemed allegations of fact, they are denied.

27          307.    The allegations in paragraph 307 purport to vaguely characterize the administrative

28    record for the Navigable Waters Protection Rule, which speaks for itself and is the best evidence

of its contents. Any allegations contrary to the plain language and meaning of the documents in the record are denied.

308.    The allegations in paragraph 308 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### FOURTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs' Characterization of Their Claim for Relief, Which Requires No Response. To the Extent That a Response May Be Deemed Required, the Sacketts Deny That Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

309.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

310.    The allegations in paragraph 310 purport to characterize 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

311.    The allegations in paragraph 311 constitute conclusions of law, Plaintiffs' characterization of the scope of the Navigable Waters Protection Rule, and Plaintiffs' characterization of the Endangered Species Act and its implementing regulations, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts specifically deny that the Agencies have any legal authority to regulate non-abutting wetlands such as the one alleged to exist on their property; deny that the Agencies engaged in a discretionary decision in the Navigable Waters Protection Rule to deregulate such wetlands; and deny that the Agencies had any obligation under the Endangered Species Act to consult on that aspect of the Navigable Waters Protection Rule.

312.    The allegations in paragraph 312 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts specifically deny that the Agencies have any legal authority to regulate non-abutting wetlands such as the one alleged to exist on their property; deny that the Agencies engaged in a discretionary decision in the Navigable Waters Protection Rule to deregulate such wetlands; and deny that the

Agencies had any obligation under the Endangered Species Act to consult on that aspect of the Navigable Waters Protection Rule.

313.    The allegations in paragraph 313 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts specifically deny that the Agencies have any legal authority to regulate non-abutting wetlands such as the one alleged to exist on their property; deny that the Agencies engaged in a discretionary decision in the Navigable Waters Protection Rule to deregulate such wetlands; and deny that the Agencies had any obligation under the Endangered Species Act to consult on that aspect of the Navigable Waters Protection Rule.

## FIFTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs' Characterization of Their Claim for Relief, Which Requires No Response. To the Extent That a Response May Be Deemed Required, the Sacketts Deny That Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

314.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

315.    The allegations in paragraph 315 purport to characterize 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

316.    The allegations in paragraph 316 constitute conclusions of law and Plaintiffs' characterization of the scope of the Navigable Waters Protection Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts specifically deny that the Agencies have any legal authority to regulate non-abutting wetlands such as the one alleged to exist on their property and deny that the Agencies engaged in a discretionary decision in the Navigable Waters Protection Rule to deregulate such wetlands.

## SIXTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs' Characterization of Their Claim for Relief, Which Requires No Response. To the Extent that a Response May Be Deemed Required, the Sacketts Deny That Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

317.     The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

318.     The allegations in paragraph 318 purport to characterize 16 U.S.C. § 1536(d) and 50 C.F.R. § 402.09, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

319.     The allegations in paragraph 319 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The Sacketts specifically deny that the Agencies have any legal authority to regulate non-abutting wetlands such as the one alleged to exist on their property; deny that the Agencies engaged in a discretionary decision in the Navigable Waters Protection Rule to deregulate such wetlands; and deny that the Agencies had any obligation under the Endangered Species Act to consult on that aspect of the Navigable Waters Protection Rule.

## SEVENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law
and Plaintiffs' Characterization of Their Claim for Relief, Which Requires No
Response. To the Extent That a Response May Be Deemed Required, the Sacketts
Deny That Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

320.     The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

321.     The allegations in paragraph 321 purport to characterize 40 C.F.R. § 1508.9(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

322.     The allegations in paragraph 322 purport to characterize 40 C.F.R. § 1508.13, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

323.     The allegations in paragraph 323 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Act are denied.

324.     The allegations in paragraph 324 constitute conclusions of law and Plaintiffs'

1  characterization of the Repeal and Recodify Rule, to which no answer is required; to the extent they

2  may be deemed allegations of fact, they are denied.

3       325.   The allegations in paragraph 325 constitute conclusions of law and Plaintiffs'

4  characterization of the Repeal and Recodify Rule, to which no answer is required; to the extent they

5  may be deemed allegations of fact, they are denied.

6       326.   The allegations in paragraph 326 constitute conclusions of law and Plaintiffs'

7  characterization of the Repeal and Recodify Rule, to which no answer is required; to the extent they

8  may be deemed allegations of fact, they are denied.

9       327.   The allegations in paragraph 327 constitute conclusions of law to which no answer

10  is required; to the extent they may be deemed allegations of fact, they are denied.

11

12                          **EIGHTH CLAIM FOR RELIEF**

13  **The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs'
Characterization of Their Claim for Relief, Which Requires no Response. To
the Extent That a Response May Be Deemed Required, the Sacketts Deny that
Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

14

15       328.   The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs'

16  Amended Complaint are repeated and incorporated by reference.

17       329.   The allegations in paragraph 329 constitute conclusions of law to which no answer

18  is required; to the extent they may be deemed allegations of fact, they are denied. To the extent the

19  allegations in paragraph 329 purport to characterize comments in the administrative record, these

20  documents speak for themselves and are the best evidence of their contents. Any allegations

21  contrary to the plain language and meaning of these documents are denied. To the extent the

22  allegations in paragraph 329 incorporate facts underlying these written comments, the Sacketts lack

23  information sufficient to form a belief as to the truth of the allegations in paragraph 329, and on

24  that basis deny the same. To the extent the allegations in paragraph 329 incorporate legal arguments

25  or opinions contained in these written comments, the allegations in paragraph 329 constitute

26  conclusions of law and statements of opinion to which no answer is required; to the extent they

27  may be deemed allegations of fact, they are denied.

28       330.   The allegations in paragraph 330 constitute conclusions of law and Plaintiffs'

characterization of the Repeal and Recodify Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

331.    The allegations in paragraph 331 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## NINTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law
and Plaintiffs' Characterization of Their Claim for Relief, Which Requires
No Response. To the Extent that a Response May Be Deemed Required,
the Sacketts Deny That Plaintiffs Are Entitled to the Relief Requested
or to Any Relief Whatsoever.**

332.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

333.    The allegations in paragraph 333 purport to characterize 5 U.S.C. § 553(b), (b)(3), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

334.    The allegations in paragraph 334 purport to characterize 5 U.S.C. § 553(c), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

335.    The allegations in paragraph 335 constitute conclusions of law and selective quotations from the publicly available legal opinion in *Natural Res. Def. Council v. EPA*, 279 F.3d 1180, 1186 (9th Cir. 2002), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

336.    The allegations in paragraph 336 constitute conclusions of law and Plaintiffs' characterization of the Proposed and Final Repeal and Recodify Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

337.    The allegations in paragraph 337 purport to characterize the Repeal and Recodify Rule and its administrative record, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

338.    The allegations in paragraph 338 constitute conclusions of law to which no answer

is required; to the extent they may be deemed allegations of fact, they are denied.

## TENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs'
Characterization of Their Claim For Relief, Which Requires No Response.
To the Extent that a Response May Be Deemed Required, the Sacketts Deny
that Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

339.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs'

Amended Complaint are repeated and incorporated by reference.

340.    The allegations in paragraph 340 purport to characterize 16 U.S.C. § 1536(a)(2),

which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

language and meaning of this document are denied.

341.    The allegations in paragraph 341 constitute conclusions of law and Plaintiffs'

characterization of the scope of the Repeal and Recodify Rule, to which no answer is required; to

the extent they may be deemed allegations of fact, they are denied.

342.    The allegations in paragraph 342 constitute conclusions of law to which no answer

is required; to the extent they may be deemed allegations of fact, they are denied.

343.    The allegations in paragraph 343 constitute conclusions of law and Plaintiffs'

characterization of the scope of the Repeal and Recodify Rule, to which no answer is required; to

the extent they may be deemed allegations of fact, they are denied.

## ELEVENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs'
Characterization of Their Claim For Relief, Which Requires No Response.
To the Extent that a Response May Be Deemed Required, the Sacketts Deny
that Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

344.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs'

Amended Complaint are repeated and incorporated by reference.

345.    The allegations in paragraph 345 purport to characterize 16 U.S.C. § 1536(a)(2),

which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

language and meaning of this provision are denied.

346.    The allegations in paragraph 346 constitute conclusions of law to which no answer

1  is required; to the extent they may be deemed allegations of fact, they are denied.

2  **TWELFTH CLAIM FOR RELIEF**

3
4
5  **The Allegations in the Subheading Constitute Conclusions of Law and Plaintiffs'
Characterization of Their Claim For Relief, Which Requires No Response.
To the Extent that a Response May Be Deemed Required, the Sacketts Deny
that Plaintiffs Are Entitled to the Relief Requested or to Any Relief Whatsoever.**

6  347.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs'

7  Amended Complaint are repeated and incorporated by reference.

8  348.    The allegations in paragraph 348 purport to characterize 16 U.S.C. § 1536(d) and

9  50 C.F.R. § 402.09, which speak for themselves and are the best evidence of their contents. Any

10  allegations contrary to the plain language and meaning of these provisions are denied.

11  349.    The allegations in paragraph constitute conclusions of law to which no answer is

12  required; to the extent they may be deemed allegations of fact, they are denied.

13
14  **THIRTEENTH CLAIM FOR RELIEF**

15  **The Allegations in the Subheading Constitute Conclusions of Law to Which
No Answer Is Required; to the Extent They May Be Deemed Allegations
of Fact, They Are Denied.**
16

17  350.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs'

18  Amended Complaint are repeated and incorporated by reference.

19  351.    The allegations in paragraph 351 purport to characterize 40 C.F.R. § 1508.9, which

20  speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

21  language and meaning of this provision are denied.

22  352.    The allegations in paragraph 352 purport to characterize 40 C.F.R. § 1508.13, which

23  speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

24  language and meaning of this provision are denied.

25  353.    The allegations in paragraph 353 purport to characterize 42 U.S.C. § 4332(C), which

26  speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

27  language and meaning of this provision are denied.

28  354.    The allegations in paragraph 354 constitute conclusions of law to which no answer

is required; to the extent they may be deemed allegations of fact, they are denied.

355.    The allegations in paragraph 355 purport to characterize the scope of the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. The allegations in paragraph 355 also contain conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

356.    The allegations in paragraph 356 purport to characterize the 2015 Rule and its FONSI, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 356 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

357.    The allegations in paragraph 357 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## FOURTEENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied.**

358.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

359.    The allegations in paragraph 359 purport to characterize 5 U.S.C. § 553(b), (b)(3), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

360.    The allegations in paragraph 360 purport to characterize 5 U.S.C. § 553(c), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

361.    The allegations in paragraph 361 constitute conclusions of law and selective quotations from the publicly available legal opinion in *Natural Res. Def. Council v. EPA*, 279 F.3d 1180, 1186 (9th Cir. 2002), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

362.     The allegations in paragraph 362 constitute conclusions of law and Plaintiffs' characterization of the 2015 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

363.     The allegations in paragraph 363 purport to characterize unnamed comments in the 2015 Rule's administrative record, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

364.     The allegations in paragraph 364 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## FIFTEENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law to Which
No Answer Is Required; to the Extent They May Be Deemed Allegations
of Fact, They Are Denied.**

365.     The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

366.     The allegations in paragraph 366 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied.

367.     The allegations in paragraph 367 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

368.     The allegations in paragraph 368 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## SIXTEENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law to Which
No Answer Is Required; to the Extent They May Be Deemed Allegations
of Fact, They Are Denied.**

369.     The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

370.     The allegations in paragraph 370 purport to characterize the 2015 Rule, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

371.     The allegations in paragraph 371 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

372.     The allegations in paragraph 372 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

373.     The allegations in paragraph 373 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## SEVENTEENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied.**

374.     The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

375.     The allegations in paragraph 375 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

376.     The allegations in paragraph 376 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

377.     The allegations in paragraph 377 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

378.     The allegations in paragraph 378 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## EIGHTEENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied.**

379.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

380.    The allegations in paragraph 380 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

381.    The allegations in paragraph 381 constitute conclusions of law and statements of opinion, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

382.    The allegations in paragraph 382 constitute conclusions of law and Plaintiffs' characterization of the 33 U.S.C. § 1344(f)(1)(A), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

383.    The allegations in paragraph 383 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## NINETEENTH CLAIM FOR RELIEF

**The Allegations in the Subheading Constitute Conclusions of Law to Which No Answer Is Required; to the Extent They May Be Deemed Allegations of Fact, They Are Denied.**

384.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

385.    The allegations in paragraph 385 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the 2015 Rule are denied.

386.    The allegations in paragraph 386 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the 2015 Rule are denied.

387.    The allegations in paragraph 387 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

388.    The allegations in the first sentence of paragraph 388 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are

denied. The allegations in the second sentence of paragraph 388 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the 2015 Rule are denied.

389.    The allegations in paragraph 389 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## **TWENTIETH CLAIM FOR RELIEF**

**The Allegations in the Subheading Constitute Conclusions of Law to Which
No Answer Is Required; to the Extent They May Be Deemed Allegations
of Fact, They Are Denied.**

390.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

391.    The allegations in paragraph 391 purport to characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the 2015 Rule are denied.

392.    The allegations in paragraph 392 constitute conclusions of law and Plaintiffs' characterization of the 2015 Rule, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

393.    The allegations in paragraph 393 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

394.    The allegations in paragraph 394 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## **TWENTY-FIRST CLAIM FOR RELIEF**

**The Allegations in the Subheading Constitute Conclusions of Law to Which
No Answer Is Required; to the Extent They May Be Deemed Allegations
of Fact, They Are Denied.**

395.    The Sacketts' responses to the above paragraphs and to all paragraphs in Plaintiffs' Amended Complaint are repeated and incorporated by reference.

396.    The allegations in paragraph 396 constitute conclusions of law and Plaintiffs' characterization of the scope of the 2015 Rule, to which no answer is required; to the extent they

1   may be deemed allegations of fact, they are denied.

2        397.    The allegations in paragraph 397 constitute conclusions of law to which no answer

3   is required; to the extent they may be deemed allegations of fact, they are denied.

4        398.    The allegations in paragraph 398 constitute conclusions of law to which no answer

5   is required; to the extent they may be deemed allegations of fact, they are denied.

6        399.    The allegations in paragraph 399 constitute conclusions of law to which no answer

7   is required; to the extent they may be deemed allegations of fact, they are denied.

8   ### PLAINTIFFS' PRAYER FOR RELIEF

9        The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, which

10  requires no response. To the extent that a response may be deemed required, the Sacketts deny that

11  Plaintiff is entitled to the relief requested or to any relief whatsoever.

12  ### GENERAL DENIAL

13       The Sacketts hereby deny any allegations of Plaintiffs' Amended Complaint, whether

14  express or implied, that are not otherwise specifically admitted or qualified herein.

15  ### AFFIRMATIVE DEFENSES

16       Without admitting any of the allegations of Plaintiffs' Amended Complaint, and without

17  admitting or acknowledging that the Sacketts have any burden to prove any of the following

18  allegations, the Sacketts allege the following as separate and independent affirmative defenses as

19  to all claims and claims for relief asserted by Plaintiffs.

20  ### FIRST AFFIRMATIVE DEFENSE

21  **(Commerce Clause/Tenth Amendment)**

22      1.    Under the Clean Water Act, EPA and the Army may only regulate discharges to

23  "navigable waters." *See* 33 U.S.C. § 1344(a).

24      2.    The Navigable Waters Protection Rule defines "navigable waters" to exclude

25  wetlands that do not abut other regulated waters, that are not flooded by other regulated waters, and

26  are not separated from other regulated waters only by natural or permeable artificial barriers

27  (collectively "nonregulated wetlands"). 33 C.F.R. § 328.3(c)(1).

28      3.    When enacting the Clean Water Act, Congress had in mind only its traditional

regulation of navigation. *Solid Waste Agency of N. Cook Cty. ("SWANCC") v. U.S. Army Corps of Eng'rs*, 531 U.S. 159, 172 (2001).

4.     *SWANCC* holds that isolated ponds are outside of the scope of the term "navigable waters" under the Clean Water Act, based in part on the absence of a clear statement in the Act that would extend regulation to such features, and the limits that the Commerce Clause and Tenth Amendment place on Congress' regulatory power. 531 U.S. at 174.

5.     "Nonregulated wetlands" routinely occur on private property, such as the Sacketts', that legally is or may be used for a wide variety of land uses and purposes, as an aspect of property ownership and affirmed under state and local law. These uses include but are not limited to farming, ranching, roads, ditches, wells, pipelines, tanks, reservoirs, ponds, windmills, power and telecommunications poles and related infrastructure, fencing, livestock pens and corrals, equipment and storage yards, loading facilities, parking areas, and buildings (including but not limited to barns, sheds, shops, warehouses, stores, garages, and homes). All of these are traditional and customary uses of real property and generally create no nuisance conditions.

6.     Property owners such as the Sacketts routinely put their real property to most if not all these uses, consistent with local and state regulation and permitting.

7.     Many of these uses coincide with areas that contain "nonregulated wetlands," and involve non-exempt discharges of dredged or fill material to those features.

8.     Interpreting "navigable waters" in the Clean Water Act to allow regulation of the use of "nonregulated wetlands" on private property such as described in the preceding paragraph would extend federal authority to and beyond the outer reaches of the Commerce Power. The Clean Water Act contains no clear statement of congressional intent to regulate to such extent. *SWANCC*, 531 U.S. at 174. The agencies' interpretation of the Act in the Navigable Waters Protection Rule to exclude "nonregulated wetlands" is not an exercise of agency discretion, but instead is compelled by the Commerce Clause.

9.     Interpreting "navigable waters" in the Clean Water Act to allow regulation of the use of private property such as described in paragraphs 5–7 above would intrude extensively on local land use regulation and water resource regulation and allocation. The Tenth Amendment

1   reserves government power over these questions to the states. *SWANCC*, 531 U.S. at 173 ("This

2   concern is heightened where the administrative interpretation alters the federal-state framework by

3   permitting federal encroachment upon a traditional state power."); *see also Rapanos*, 547 U.S.

4   at 737–38. Clean Water Act regulation of such activities would amount to a federal veto power

5   over local land use law, zoning, and permitting. The Agencies' interpretation of the Clean Water

6   Act to exclude "nonregulated wetlands" is not an exercise of agency discretion, but instead is

7   compelled by the Tenth Amendment.

**SECOND AFFIRMATIVE DEFENSE**

**(Article I/Nondelegation Doctrine)**

10          10.     The Navigable Waters Protection Rule interprets "navigable waters" in the Clean

11   Water Act to exclude wetlands that do not abut other regulated waters, are not flooded by other

12   regulated waters, and are not separated from other regulated waters only by natural or permeable

13   artificial barriers (collectively "nonregulated wetlands"). 33 C.F.R. § 328.3(c)(1). The Supreme

14   Court has held that while the Clean Water Act regulates some waters that are not navigable-in-fact,

15   it does not regulate all "waters" and that "navigable" must have some limiting meaning. *SWANCC*,

16   531 U.S. 171–72 (the Act regulates some waters not "deemed 'navigable' under the classical

17   understanding of that term" but not all such waters) (quoting *United States v. Riverside Bayview

18   Homes*, 474 U.S. 121, 133 (1985))).

19          11.     The Act does not define "navigable." If the term does not have its ordinary meaning

20   but instead has some broader or different meaning, then the statute unconstitutionally delegates to

21   EPA and the Army the task of deciding, as a policy matter, what non-navigable wetlands the

22   agencies will regulate. The agencies themselves see their work as largely one of identifying,

23   balancing, and selecting among competing policy priorities. *See*, *e.g.*, 85 Fed. Reg. at 22,264,

24   22,270–71, 22,277, 22,290, 22,292, 22,300.

25          12.     In making this delegation, the Clean Water Act lacks any appropriately understood

26   "intelligible principle" and provides no guidance or criteria to the agencies to circumscribe their

27   policy decision defining "navigable."

28          13.     The Act identifies no fact-finding that the agencies must engage in to define

1   "navigable."

2        14.     The Act provides no factors for the agencies to consider, let alone what weight to

3   give to any such factors, in determining the meaning of "navigable."

4        15.     If "navigable" in the statute means something other than "navigable-in-fact," such

5   that the exclusion of "nonregulated wetlands" from the definition of "navigable waters" is not

6   compelled by the text of the Act and/or the Commerce Clause and Tenth Amendment, then the

7   statute delegates unbounded discretion to the agencies to define the term, in violation of the non-

8   delegation doctrine, and Article I of the Constitution (vesting "all legislative powers" in the

9   Congress).

10       16.     If the regulation of "nonregulated wetlands" would violate Article I and the Non-

11  Delegation Doctrine, then EPA and the Army's decision to exclude such "nonregulated wetlands"

12  from the scope of the Navigable Waters Protection Rule cannot be legally invalid on any basis, nor

13  can it be set aside or enjoined under the Administrative Procedure Act.

14                          **THIRD AFFIRMATIVE DEFENSE**

15                               **(Void for Vagueness)**

16       17.     The Navigable Waters Protection Rule interprets "navigable waters" in the Clean

17  Water Act to exclude wetlands that do not abut other regulated waters, are not flooded by other

18  regulated waters, and are not separated from other regulated waters only by natural or permeable

19  artificial barriers (collectively "nonregulated wetlands"). 33 C.F.R. § 328.3(c)(1).

20       18.     The Act does not define "navigable." If the term does not have its ordinary meaning

21  but instead has some broader or different meaning, the Act gives no notice of that meaning or its

22  contours. The agencies themselves see their work as largely one of identifying, balancing, and

23  selecting among competing policy priorities, rather than elaborating a technical definition of some

24  commonly known term. *See, e.g.*, 85 Fed. Reg. at 22,264, 22,270–71, 22,277, 22,290, 22,292,

25  22,300; *see also Sackett v. EPA*, 566 U.S. 120, 133 (2012) (Alito, J., concurring) ("[T]he words

26  themselves are hopelessly indeterminate.").

27       19.     The Due Process Clause of the U.S. Constitution requires that criminal statutes

28  provide adequate notice of the conduct which they proscribe to those who must comply. *United*

*States v. Lanier*, 520 U.S. 259, 265–67 (1997). The Clean Water Act imposes criminal penalties. 33 U.S.C. § 1319(c).

20.     The rule of lenity also requires that statutes with criminal penalties be interpreted in the light most favorable to criminal defendants. *United States v. Granderson*, 511 U.S. 39, 54 (1994) ("[W]here text, structure, and history fail to establish that the Government's position is unambiguously correct—we apply the rule of lenity and resolve the ambiguity in [the defendant's] favor.").

21.     If the term "navigable" in the Act does not have the ordinary meaning of "navigable," but at the same time does not encompass "all waters," then it is impossible for any regulated party to know from the statute what waters are regulated unless and until the agencies give some meaning to the term.

22.     A statute whose requirements are only knowable after they are "interpreted" by enforcement officials is a classic violation of the void for vagueness doctrine. If "navigable" is interpreted in a way that its meaning is unknown absent case-by-case agency interpretation, then the statute fails to give constitutionally adequate notice of the conduct that it proscribes and is void-for-vagueness under the Due Process Clause.

23.     If "navigable" as used in the Clean Water Act is void-for-vagueness, then the decision of the Army and EPA to exclude "nonregulated wetlands" from the scope of the Navigable Waters Protection Rule cannot be legally unsound under any basis, nor can it be set aside or enjoined under the Administrative Procedure Act.

## **RESERVATION OF DEFENSES**

24.     The Sacketts reserve the right to amend this Answer and to assert additional defenses.

## **PRAYER FOR RELIEF**

The Sacketts pray that Plaintiffs take nothing by their Complaint, that judgment be entered in favor of the Sacketts, that this action be dismissed with prejudice, and that the Court award the Sacketts any other relief the Court may deem just and proper.

1   DATED: June 30, 2021.

2                                   Respectfully submitted,

3                                   ANTHONY L. FRANÇOIS
                                    CHARLES T. YATES
4

5                                   By _____/s/ Charles T. Yates_____
                                             CHARLES T. YATES
6

7                                   Attorneys for Defendant-Intervenors
                                    Chantell and Michael Sackett

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28