HUBERT T. LEE (NY Bar #4992145)
SONYA J. SHEA (CA Bar #305917)
U.S. Department of Justice
150 M Street, N.E. Suite 4.1116
Washington, D.C. 20002
Hubert.lee@usdoj.gov; sonya.shea@usdoj.gov
Telephone (202) 514-1806 (Lee)
Telephone (303) 844-7231 (Shea)
Facsimile (202) 514-8865

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, *et al.*,<br><br>    Defendants.<br><br>  and<br><br>CHANTELL and MICHAEL SACKETT,<br><br>    Defendant-Intervenors. | Civil Case No. 18-cv-3521-RS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR**<br><br>Date:   July 29, 2021<br>Time:  1:30 pm<br>Dept:   San Francisco Courthouse, Courtroom 3 – 17th Floor<br>Judge:  Honorable Richard Seeborg<br><br>Action Filed:               June 13, 2018<br>Amended Complaint Filed: Dec. 23, 2020 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR REMAND WITHOUT VACATUR**

Defendants United States Environmental Protection Agency and the United States Army Corps of Engineers, et al. (the "Agencies") submit this reply brief in support of their motion to remand the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) (the "NWPR") to the Agencies and to dismiss the claims challenging that rule. See Defs.' Mot. for Remand ("Remand Mot."), ECF No. 110.

The Court should grant the Agencies' motion for remand to complete a new rulemaking and decline both the Plaintiffs' and the Sacketts' requests for further consideration of the merits. While Plaintiffs do not oppose remand, they request that the Court also vacate the NWPR, which they acknowledge would require some consideration of the merits. *E.g.*, Pls.' Resp. in Partial Opp'n ("Pls.' Resp.") 7-10, ECF No. 113.

The Sacketts partially oppose the Agencies' request to remand the NWPR to the extent that the Agencies seek to remand the "adjacent wetlands" provision of the NWPR. Def.-Intervenors Sacketts' Opp'n to Fed. Defs.' Mot. for Remand 1 ("Sacketts' Resp."), ECF No. 114.[1] The Sacketts instead are seeking a full adjudication of the merits regarding the NWPR's "adjacent wetlands" provision. *Id.* at 9.

Neither party's proposal is warranted. The Agencies are commencing a new notice-and-comment rulemaking that will allow the parties' concerns to be addressed in a thorough and transparent manner that will be informed by input from all interested stakeholders. On remand, the parties are free to press forward with their arguments during the notice-and-comment period for the new rulemaking and are likewise free to challenge the new rule once it has been issued. Conversely, further consideration of the merits in this case would potentially waste the Court's and the parties' resources, debating the substance of a rule that may be subject to significant change. In addition, further merits proceedings could potentially risk asking the Agencies to opine about issues that currently are the subject of a new rulemaking. The Agencies' requested remand without vacatur is appropriate because it

---

[1] On June 23, 2021, Chantell and Michael Sackett were granted the right to permissively intervene in this proceeding. ECF No. 111. They subsequently filed their partial opposition to the Agencies' Motion to Remand the NWPR without vacatur on July 6, 2021. ECF No. 114.

REPLY ISO MOT. FOR VOLUNTARY REMAND W/O VACATUR                         18-cv-3521-RS
1

enables the Agencies to complete their rulemaking on a new definition of "waters of the United States" *before* judicial review on the merits. From a practical standpoint, remand would conserve the parties' limited resources and would best serve the interest of judicial economy because the Agencies' new final rule may resolve or moot some or all of the claims presented in this litigation.

Separately, the Sacketts' proposal to continue adjudication rests on shaky legal grounds. The Sacketts chose to intervene as defendants, not plaintiffs, and lack standing to raise independent challenges to the NWPR, including as to the manner in which the rule addressed adjacent wetlands.

## ARGUMENT

As addressed in Defendants' motion for remand, remand without vacatur is proper because the Agencies have completed their review of the NWPR and have decided to initiate a new rulemaking to revise the definition of "waters of the United States." Remand Mot., Ex. 1, Fox Decl. ¶¶ 8–10 (ECF No. 110-1); Ex. 2, Pinkham Decl. ¶¶ 8–10 (ECF No. 110-2). Neither the Sacketts nor the Plaintiffs allege bad faith here. Therefore, where, as here, the opposing parties have made no showing of bad faith, the Court should defer to this administrative process. Remand Mot. 12 (citing *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012); *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028–29 (Fed. Cir. 2001)). And, to the extent that the "vacatur" Plaintiffs seek would preclude application of the NWPR to persons not before this court, it is inconsistent with the principle that "[r]emedies . . . ordinarily 'operate with respect to specific parties.' " *California v. Texas*, 141 S. Ct. 2104, 2115 (2021) (citation omitted).

The Agencies have presented a classic case for remand without vacatur. The administrative rulemaking process, not judicial review, is the preferred course for the Agencies to address their perceived flaws with the NWPR. Courts "have recognized that '[a]dministrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts.' " *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (quoting *Commonwealth of Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978)). "Remand has the benefit of allowing 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.' " *Util. Solid Waste*

*Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)). Here, the Agencies seek remand because they intend to redefine "waters of the United States." To that end, the Agencies are commencing a new rulemaking, which will allow them to address the alleged legal and policy flaws in the NWPR in a comprehensive and transparent manner with full participation by interested members of the public.

The Agencies in no way diminish Plaintiffs' concerns, both as to the merits of the NWPR itself and as to the resulting environmental harm. Indeed, the Agencies have candidly acknowledged that they share many of Plaintiffs' concerns.[2] *See, e.g.*, Fox. Decl. ¶¶ 10–20; Pinkham Decl. ¶¶ 10–20. Yet, Plaintiffs' proposal for vacatur, Pls.' Resp. 1, asks the Court to decide issues that are better resolved by the Agencies in the first instance, and risks asking the Agencies to opine about issues that presently are under reconsideration. Granting remand and dismissal has the added benefit of conserving both the parties' and the Court's resources by resolving the current litigation over the NWPR and by potentially resolving the Plaintiffs' concerns, thereby preventing additional litigation. Remand Mot. 14–15. Continuing with merits proceedings, either through full merits adjudication, as the Sacketts request, or a vacatur order, as the Plaintiffs request, would interfere with the Agencies' new rulemaking. The Agencies are undisputedly entitled to commence a new rulemaking to define "waters of the United States," and the Court should defer to this process. *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) ("Agencies are free to change their existing policies as long as they provide a reasoned explanation for the change.").

The Court should likewise reject the Sacketts' proposal to adjudicate one component of the NWPR in piecemeal fashion. As an initial matter, as Defendant-Intervenors, the Sacketts lack standing to assert independent claims against the NWPR. Indeed, the Sacketts readily acknowledge that under

---

[2] While Plaintiffs describe the declarations of Radhika Fox and Jaime Pinkham regarding the NWPR as effectively a confession of legal error, *see* Pls.' Resp. 1, 6, this characterization is inaccurate. While certainly, the Agencies acknowledge they have "substantial concerns" regarding the effects of the NWPR on the nation's waters, *E.g.*, Fox Dec. ¶¶ 1, 3, 8; Pinkham Dec. ¶¶ 1, 3, 8, the Agencies do not go so far as to confess legal error in requesting that the NWPR be remanded to the Agencies. *See* Remand Mot. 11.

the NWPR, their property is not subject to CWA regulation and they are thus not harmed by the rule. Sacketts' Mot. to Intervene 5, ECF No. 95. Rather, the Sacketts' purported interest in this litigation rests on their claim that under a prior CWA regulatory regime (that is currently not in place), the Agencies would have jurisdiction to regulate their property under the CWA. *Id.* Moreover, while Plaintiffs' request for vacatur, if granted, may in theory injure the Sacketts, the Agencies' motion for remand without vacatur would not. And any suspected injury from a new rule, which has not been issued, is speculative and does not provide grounds to continue *this* litigation.

The Sacketts claim that the exclusion of non-abutting wetlands presents a clear-cut legal inquiry that should be adjudicated now. Sacketts' Resp. 9-10. Regardless of whether the Court faces a step one or a step two inquiry under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), it is undisputed that the Court has discretion to grant remand. Under a step one inquiry, this Court enjoys "considerable discretion" to either "decide the statutory issue" or "order a remand." *SKF USA*, 254 F.3d at 1029. Further, "[w]here there is no step one *Chevron* issue . . . remand to the agency is required, absent the most unusual circumstances verging on bad faith." *Id*. at 1029–30. In other words, under either scenario, the Court may grant remand.

Remand would not prejudice the parties, who are able to participate in the notice-and-comment opportunities provided by the new rulemaking. Remand Mot. 15. Nor would remand serve to deny the parties judicial review, as the Sacketts assert, as they are free to challenge the new rule once it has been issued. Sacketts' Resp. 13–14. In sum, because the Agencies are commencing a new rulemaking to address their concerns with the NWPR, the Court should grant the Agencies' motion for voluntary remand instead of continuing to litigate the merits of the NWPR, a rule that likely will be replaced in the future.

## CONCLUSION

For the foregoing reasons, and for the reasons identified in the Agencies' motion for remand, the Agencies respectfully ask the Court to remand the NWPR, without vacatur, and to dismiss the claims challenging the NWPR, rather than requiring the Agencies to litigate a rule that may be replaced.

Dated: July 13, 2021                    Respectfully submitted,

                       By:       /s/ Hubert T. Lee

                                 JEAN E. WILLIAMS
                                 *Acting Assistant Attorney General*
                                 HUBERT T. LEE (NY Bar #4992145)
                                 SONYA J. SHEA (CA Bar #305917)
                                 U.S. Department of Justice
                                 Environment & Natural Resources Division
                                 Environmental Defense Section
                                 4 Constitution Square
                                 150 M Street, N.E.
                                 Suite 4.1116
                                 Washington, D.C. 20002
                                 Hubert.lee@usdoj.gov
                                 sonya.shea@usdoj.gov
                                 Telephone (202) 514-1806 (Lee)
                                 Telephone (303) 844-7231 (Shea)
                                 Facsimile (202) 514-8865

                                 *Attorneys for the Agencies*