1  Christopher Sproul (State Bar No. 126398)
2  Stuart Wilcox (State Bar No.  327726)
   ENVIRONMENTAL ADVOCATES
3  5135 Anza Street
   San Francisco, California 94121
4  Telephone: (415) 533-3376
   Emails:  csproul@enviroadvocates.com
5  wilcox@enviroadvocates.com

6
   *Attorneys for Plaintiffs*
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 WATERKEEPER ALLIANCE, INC.;            Civil Case No. 18-cv-3521
   HUMBOLDT BAYKEEPER, a program of
11 Northcoast Environmental Center; LAKE
   WORTH WATERKEEPER; MISSOURI            **PLAINTIFFS' RESPONSE TO
12 CONFLUENCE WATERKEEPER;                DEFENDANTS' NOTICE OF
   MONTERREY COASTKEEPER, a program of    SUPPLEMENTAL AUTHORITY IN
13 The Otter Project, Inc.; RIO GRANDE    SUPPORT OF MOTION FOR
   WATERKEEPER, a program of WildEarth    REMAND WITHOUT VACATUR**
14 Guardians; RUSSIAN RIVERKEEPER;
   SNAKE RIVER WATERKEEPER, INC.;         Date: July 29, 2021
15 SOUND RIVERS, INC.; UPPER MISSOURI     Time: 1:30 pm
   WATERKEEPER, INC.; TURTLE ISLAND       Dept: San Francisco Courthouse,
16 RESTORATION NETWORK; WILDEARTH         Courtroom 3 – 17th Floor
   GUARDIANS; ECOLOGICAL RIGHTS           Judge: Honorable Richard Seeborg
17 FOUNDATION¸
18                                        Action Filed: June 13, 2018
                                          Amended Complaint Filed: Dec. 23, 2020
19
20             Plaintiffs,

21      v.

22 MICHAEL REGAN, in his official capacity as
   Administrator of the U.S. Environmental
23 Protection Agency; U.S. ENVIRONMENTAL
   PROTECTION AGENCY; TAYLOR N.
24 FERRELL, in his official capacity as Assistant
   Secretary of the Army for Civil Works; and U.S.
25 ARMY CORPS OF ENGINEERS,

26
27             Defendants.

28

Defendants' Notice of Supplemental Authority (Dkt. 117) contends that *S.C. Coastal Conservation League v. Regan*, No. 20-01687, Dkt. 147 (D.S.C. July 15, 2021) is supplemental authority that supports Defendants' pending motion for remand without vacatur of the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22250 (April 21, 2020) ("NWPR"). However, *S.C. Coastal*, which merely states an outcome without offering any supporting analysis, cannot reasonably read as basis to deny Plaintiffs' request for vacatur. Notably, *S.C. Coastal*'s out of circuit ruling cannot be the basis for this Court to ignore controlling Ninth Circuit precedent that vacatur generally must accompany remand of agency rules and that courts must consider certain factors when evaluating whether to vacate an agency rule that is being remanded. *See, e.g.,* Dkt. 113 at 3-4 (*citing, e.g., All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121-22 (9th Cir. 2018); *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015)). The *SC Coastal* Court does not acknowledge, much less apply the binding Ninth Circuit factors this Court must consider when determining whether to vacate a rule in conjunction with remand: (1) the seriousness of the agency's errors; (2) how those errors weigh against "the disruptive consequences of an interim change that may itself be changed"; (3) "whether vacating a faulty rule could result in possible environmental harm, and … leav[ing] a rule in place when vacating would risk such harm"; and (4) whether "fundamental flaws in the agency's decision make it unlikely that the same rule would be adopted on remand." *See* Dkt. 113 at 4 (*citing, e.g., Pollinator Stewardship Council*, 806 F.3d at 532). These factors all weigh in favor of vacatur. *See generally* Dkt. 113.

Dated: July 20, 2021                                  Respectfully submitted,


                                By:        */s/ Christopher Sproul*
                                           Christopher Sproul

                                           *Attorney for Plaintiffs*