Christopher Sproul (State Bar No. 126398)
Stuart Wilcox (State Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Emails: csproul@enviroadvocates.com
wilcox@enviroadvocates.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC.; HUMBOLDT BAYKEEPER, a program of Northcoast Environmental Center; LAKE WORTH WATERKEEPER; MISSOURI CONFLUENCE WATERKEEPER; MONTERREY COASTKEEPER, a program of The Otter Project, Inc.; RIO GRANDE WATERKEEPER, a program of WildEarth Guardians; RUSSIAN RIVERKEEPER; SNAKE RIVER WATERKEEPER, INC.; SOUND RIVERS, INC.; UPPER MISSOURI WATERKEEPER, INC.; TURTLE ISLAND RESTORATION NETWORK; WILDEARTH GUARDIANS; ECOLOGICAL RIGHTS FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. ENVIRONMENTAL PROTECTION AGENCY; TAYLOR N. FERRELL, in his official capacity as Assistant Secretary of the Army for Civil Works; and U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendants. | Civil Case No. 18-cv-3521 <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL NOTICE OF AGENCY ACTION IN SUPPORT OF MOTION FOR REMAND WITHOUT VACATUR** <br><br> Date: September 9, 2021 <br> Time: 1:30 pm <br> Dept: San Francisco Courthouse, Courtroom 3 – 17th Floor <br> Judge: Honorable Richard Seeborg <br><br> Action Filed: June 13, 2018 <br> Amended Complaint Filed: Dec. 23, 2020 |

1    Though Defendants' Notice is styled as a Supplemental Notice of Agency Action *In Support of Motion for Voluntary Remand Without Vacatur*, it does not actually *support* remand without vacatur. Indeed, Defendants' Notice only offers further support for Plaintiffs' contention that vacatur of the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22250 (April 21, 2020) ("NWPR") must accompany Defendants' requested remand. *See, e.g.,* Dkt. 113 at 2-3 (discussing Defendants' burden to show that vacatur should not accompany remand).

   Defendants say that they intend to undertake a first rulemaking that replaces the NWPR with the "Waters of the United States" definition that pre-dated the 2015 Clean Water Rule (the "Pre-2015 Regulatory Definition"). *See, e.g.,* Dkt. 199 at 1; Dkt. 119-1 at 1, 5-6; Dkt. 113 at 2 (discussing Pre-2015 Regulatory Definition). This is what Plaintiffs' requested vacatur would accomplish here, but vacatur would also spare both Plaintiffs and the environment from the harm that non-vacatur of the NWPR during the protracted remand rulemaking process would otherwise cause. The following discussion, applying the four-factor analysis from *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015), explains why vacatur is necessary on these facts.

   First, Defendants have never disputed the seriousness of the NWPR's errors, instead candidly admitting them. *See, e.g.,* Dkt. 113 at 6-10. Second, Defendants' Notice shows that vacating the NWPR would have no disruptive consequences beyond what Defendants themselves already intend to do. As Plaintiffs have explained, vacatur of the NWPR would reinstate the Pre-2015 Regulatory Definition. *See* Dkt. 113 at 10-11. Here, Defendants present that they intend their first rulemaking to consist of reinstating the Pre-2015 Regulatory Definition. Dkt. 119 at 1; Dkt. 119-1 at 1. As a result, vacatur would present no additional disruptive consequences here. This must be the final nail in the coffin on this point. Third, Defendants again fail to rebut Plaintiffs' extensive recitation, supported by Defendants' own statements, of prejudice and environmental harm during remand if the NWPR is not vacated. *See* Dkt. 113 at 11-21. Finally, Defendants here

admit that it is "unlikely" they will re-adopt the NWPR. *See, e.g.,* Dkt. 113 at 21. Indeed, Defendants intend to replace the NWPR with the Pre-2015 Regulatory Definition and then another different rule. *See* Dkt. 119 at 1; Dkt. 119-1 at 1. Therefore, adoption of a different rule on remand is actually a certainty, and this factor weighs in favor of vacatur.

      Both Plaintiffs and Defendants effectively agree that the NWPR is illegal and must be replaced, first by reinstating the Pre-2015 Regulatory Definition, and that Plaintiffs will be prejudiced on remand if the NWPR is not vacated. However, despite the admitted fact that the NWPR is continuing to cause significant environmental degradation, Defendants unreasonably and without legal support assert that the NWPR should be left in place for an undetermined amount of time while they engage in a long rulemaking process. Defendants' contention should be rejected, and Plaintiffs continue to respectfully request that this court act consistent with binding Ninth Circuit precedent and vacate the NWPR in conjunction with Defendants' requested remand. Defendants' Notice only offers further evidence that this is the proper course of action.

Dated: August 3, 2021                              Respectfully submitted,

By:             */s/ Stuart Wilcox*
              Stuart Wilcox

              *Attorney for Plaintiffs*