UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERKEEPER ALLIANCE, INC., et al., <br> Plaintiffs, <br> v. <br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br> Defendants. | Case No. 18-cv-03521-RS <br><br> **ORDER GRANTING MOTION TO REMAND** |

This is one of several cases filed in various United States District Courts throughout the nation challenging rules promulgated by the United States Environmental Protection Agency and the United States Army Corps of Engineers that define "waters of the United States" for purposes of applying the Clean Water Act, *see e.g.*, *Conservation Law Foundation v. United States Environmental Protection Agency*, No. 1:20-cv-10820 (D. Mass.); *Pascua Yaqui Tribe v. United States Environmental Protection Agency*, 4:20-cv-00266 (D. Ariz.), including another case pending in this court, *State California v. Regan*, 3:20-cv-3005 RS (N.D.Cal.).

Defendants seek voluntary remand to the agencies and dismissal of this case. Plaintiffs oppose remand unless the current rule is vacated. The issue of whether vacatur is warranted or not appears to be moot, however, given that the *Pascua Yaqui* court issued an order on August 13, 2021 vacating the rule.

Were it still necessary to reach the issue, this court would not be inclined to impose vacatur. Plaintiffs' argument that vacatur is appropriate in light of defendants' supposed

acknowledgement of "legal error" embodied in the present rule is not persuasive. Defendants do not concede the rule is legally impermissible, and in *California v. Regan,* this court concluded the plaintiffs were unlikely to succeed on the merits in showing such legal error. Rather, defendants appear to be reconsidering the rule for policy reasons. While it is within defendants' discretion to modify their policies and regulatory approaches, and it may ultimately resolve some or all of plaintiffs' objections to the current rule, there has been no evaluation of the merits—or concession by defendants—that would support a finding that the rule should be vacated.

Intervenors Chantell and Michael Sackett oppose remand as to one specific provision — relating to "adjacent wetlands" — which they contend the agencies would lack discretion to eliminate or substantially revise on remand. The Sackett's argument, however, rests on their position that the four-justice plurality opinion in *Rapanos v. United States*, 547 U.S. 715, 126 S.Ct. 2208 (2006) is controlling. The Ninth Circuit has recently rejected that very claim by the Sacketts. *Sackett v. U.S. Env't Prot. Agency*, 8 F.4th 1075, 1091 (9th Cir. 2021)("For all these reasons, the Sacketts' arguments fail . . . the Kennedy concurrence is still the controlling opinion from *Rapanos*.")

Accordingly, the motion to remand is granted. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 16, 2021

_____
RICHARD SEEBORG
Chief United States District Judge